United States District Court

Eastern District of California

Vance Edward Johnson,

    Plaintiff,   No. Civ. S 04-0776 LKK PAN P

  vs.   Order

D. L. Runnels, et al.,

    Defendants.

-oOo-

Plaintiff is a prisoner prosecuting this civil rights action without counsel and in forma pauperis.

June 3, 2005, I dismissed the complaint for failure to comply with the Federal Rules of Civil Procedure and directed plaintiff to file an amended complaint. I also instructed plaintiff how to cure the deficiencies of his complaint.

September 30, 2005, plaintiff filed a second-amended complaint.[1] October 13, October 24 and November 9, 2005,

---

[1] Plaintiff styled the document, "First Amended Complaint."

1 plaintiff filed identical copies of the September 30, 2005,
2 pleading.  I review the November 9, 2005, pleading.  See <u>Bullen</u>
3 <u>v. De Bretteville</u>, 239 F.2d 824 (9th Cir. 1956), <u>cert. denied sub</u>
4 <u>nom</u>. <u>Treasure Co. v. Bullen</u>, 353 U.S. 947 (1957) (second-amended
5 complaint supersedes prior complaints).
6    Having reviewed the second-amended complaint pursuant to 28
7 U.S.C. § 1915A, I find plaintiff has failed to cure the
8 deficiencies identified in the June 3, 2005, order.
9    The fact of proceeding without counsel does not exempt
10 plaintiff from compliance with the court's plain orders,
11 including the order requiring him to amend his pleading.
12 <u>Pagtalunan v. Galaza</u>, 291 F.3d 639 (9th Cir. 2002); <u>Ferdik v.</u>
13 <u>Bonzelet</u>, 963 F.2d 1258 (9th Cir. 1992); <u>see</u> <u>also</u> <u>Jones v.</u>
14 <u>Phipps</u>, 39 F.3d 158, 163 (7th Cir. 1994) ("Although civil
15 litigants who represent themselves . . . benefit from various
16 procedural protections not otherwise afforded to the ordinary
17 attorney-represented litigant ... pro se litigants are not
18 entitled to a general dispensation from the rules of procedure or
19 court imposed deadlines." (citations omitted)); <u>Carey v. King</u>,
20 856 F.2d 1439 (9th Cir. 1988) (dismissal for pro se plaintiff's
21 failure to comply with local rule regarding notice of change of
22 address affirmed).
23    This court may order a plaintiff to comply with Fed. R. Civ.
24 P. 8's requirement of short and plain pleading, and may enter
25 dismissal with prejudice for his failure to comply with such
26

order.  McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996); Nevijel v. North Coast Life Insurance Co., 651 F.2d 671 (9th Cir. 1981); Moore v. United States, et al., 193 F.R.D. 647 (N.D. Cal.) (district court may enter with prejudice dismissal for a pro se plaintiff's failure to comply with order to file complaint meeting Rule 8 requirements, so long as the court has provided the litigant with notice of the deficiencies and an opportunity to amend the complaint effectively).  Such dismissal, unlike a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), is reviewed for abuse of discretion rather than de novo.  Karim-Panahi, 839 F.2d 621, 623 n.1 (9th Cir. 1988).

While a pro se plaintiff's pleading is held to a less stringent standard than that drafted by an attorney, that does not mean his disobedience of court orders must be overlooked. See Eldridge v. Block, 832 F.2d 1132 (9th Cir. 1987) (an attempt by plaintiff to comply with the ordered amendment must be viewed with leniency in light of requirement that district courts "liberally construe the 'inartful pleading' of pro se litigants").  With noted exceptions established by the United States Supreme Court, the rules apply to uncounseled litigants and must be enforced.  See Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984) (requirements of Fed. R. Civ. P. 3 that plaintiffs initiate cases by filing "complaints" rather than other documents applies equally to all litigants, including those proceeding pro se); McNeil v. United States, 508 U.S. 106, 112-13 (1993) (while exceptions are made for construing

3

pro se pleadings and permitting prisoner's filings to be deemed filed when placed in the prison mailbox, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel; in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law" (internal quotation omitted)); see also Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating in prisoner case that "firm application of the Federal Rules of Civil Procedure is fully warranted").

I intend to recommend this action be dismissed with prejudice for plaintiff's failure to comply with the June 3, 2005, order. See Franklin v. Murphy, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming sua sponte dismissal of pro se prisoner civil rights actions with prejudice for failure to prosecute). Alternative sanctions short of dismissal are not readily available. Plaintiff was warned that failure to obey the order might result in dismissal of his action, but the warning was ineffectual. Imposing fines or attorney fees would be wholly impracticable because plaintiff proceeds pro se and in forma pauperis. The alternative of dismissal without prejudice is unsatisfactory because permitting this disobedient plaintiff to re-commence litigation at his whim would consume yet more of the court's time that could be devoted to other cases on its docket.[2]

---

[2] Plaintiff presently retains his prerogative to file a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1), given that no defendant

4

1  Accordingly, I find that June 3, 2005, I directed plaintiff
2  to file an amended complaint curing various deficiencies and
3  explained how so to do and plaintiff has not complied.  This is
4  plaintiff's final warning.  If he does not obey the June 3, 2005,
5  order within 20 days of service of this order, I will recommend
6  dismissal of this action with prejudice.  L.R. 11-110; Fed. R.
7  Civ. P. 41(b).
8  So ordered.
9  Dated:  November 29, 2005.

                            /s/ Peter A. Nowinski
                            PETER A. NOWINSKI
                            Magistrate Judge

---

has yet served an answer or even received service of process.  If a recommendation of dismissal with prejudice is adopted by the district court, that opportunity will be lost.