IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

      Plaintiff,                    No. CIV S-04-0776 LKK EFB P

      vs.

D. L. RUNNELS, et al.,

      Defendants.            FINDINGS AND RECOMMENDATIONS

                             /

      Plaintiff is a prisoner without counsel prosecuting this civil rights action in *forma pauperis*. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      The court has reviewed plaintiff's June 21, 2006, third-amended complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds it fails to state a claim for relief against defendants J. Lewis, Cooper, Jimenez, Bailey, Wagner, J. Cox, D. L. Runnels, Brewer, A. Martin, T. Robertson, T. Gillam, C. Adam or D. Peddicord.

      To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

As to defendant J. Lewis, plaintiff alleges that Lewis interrogated him. This is claimed to have occurred before other officers used excessive force against plaintiff. Prison officials violate the Eighth Amendment when they use excessive force maliciously and sadistically to cause prisoners physical harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff fails to allege any facts stating such a claim as to defendant Lewis.

As to defendants Cooper, R. Jimenez and Bailey, plaintiff alleges that they yelled at him, threatened him, interfered with his sleep one night and held him in an uncomfortable cell one night. To state a claim that conditions of imprisonment violate the Eighth Amendment plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). (On the other hand, harsh and uncomfortable conditions are expected; convicted prisoners are entitled only to the minimal civilized measure of life's necessities and even inhumane conditions, that is risks so grave even to convicted felons that they are repugnant to those who have consigned the plaintiff to prison, do not amount to *punishment* if the state actor is powerless to change them or does not know of them.) Plaintiffs allegations as to these defendants fail to assert any such cognizable claim.

As to defendants H. Wagner and J. Cox, plaintiff alleges that Wagner failed adequately to consider plaintiff's administrative appeals and that Cox interfered with plaintiff's ability to utilize the prisoner grievance system. The allegations fail to raise cognizable claims under either the First Amendment or the Due Process Clause of the Fourteenth Amendment. To state a claim he was denied access to the courts in violation of the First Amendment, plaintiff must allege that he was denied necessary assistance in preparing and filing a habeas corpus petition or section 1983 complaint, such as meaningful access to an adequate law library or assistance from persons

trained in the law, and that the deprivation actually injured his habeas or section 1983 litigation efforts. *Lewis v. Casey*, 518 U.S. 343 (1996). Plaintiff fails to assert facts adequate to state such a claim as to defendant Wagner. To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege a defendant denied plaintiff a specific right protected by the federal constitution without procedures required by the constitution to ensure fairness, or deliberately abused his power without any reasonable justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Prisoners have no "legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988). The allegations as to these defendants fail to establish a congizable claim under the Due Process Clause.

Plaintiff alleges that D. L. Runnels relied on a confidential informant in deciding to search plaintiff's cell. Use of information from a confidential informant implicates a liberty interest when it is used in prison disciplinary proceedings. *See Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987). However, plaintiff makes no factual allegations that would show a liberty interest was implicated by use of an informant and he fails to assert a cognizable claim on that ground.

Plaintiff alleges that Brewer and A. Martin failed adequately to supervise other defendants who allegedly violated plaintiff's rights. To state a claim against a supervisor who did not personally inflict the injury alleged, plaintiff must allege that the supervisor (1) caused others to act, or knowingly refused to stop them from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid such injury as to demonstrate reckless or callous indifference to constitutional injury. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), *Hansen v.*

*Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002). Plaintiff has failed to allege facts sufficient to state such a claim.

Plaintiff further alleges that the defendants searched his cell, confiscated his belongings and refused to return them. Plaintiff had no Fourth Amendment right to freedom from a search of his cell, even though it may have been unreasonable. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Furthermore, an unauthorized taking of property does not violate the due process clause of the Fourteenth Amendment when, as here, state law provides an adequate post deprivation remedy. *Hudson*, 468 U.S. at 533; *Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994) (holding that Cal. Gov't Code § 810 provides such a remedy). Accordingly, these allegations fail to state a claim.

Plaintiff alleges T. Robertson, T. Gillam, C. Adam and D. Peddicord removed plaintiff from his job "in reprisal of Dec. 31, 2002." To state a claim for retaliation, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Plaintiff's allegations make no such showing here and he fails to state a claim on this ground as well.

For these reasons, it is RECOMMENDED that the above claims against J. Lewis, Cooper, Jimenez, Bailey, Wagner, J. Cox, D. L. Runnels, Brewer, A. Martin, T. Robertson, T. Gillam, C. Adam and D. Peddicord be dismissed for plaintiff's failure to state a claim. *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

////

Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these findings and recommendations are submitted to the United States District Judge assigned to this case. Within 20 days after being served with these findings and recommendations, plaintiff may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: September 7, 2006.

\john0776.f&r dsms am comp

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE