IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

      Plaintiff,                      No. CIV S-04-0776 LKK EFB P

     vs.

D. L. RUNNELS, et al.,

      Defendants.         ORDER

_____/

     Plaintiff is a prisoner without counsel suing for alleged civil rights violations. Defendants move to modify the July 27, 2007, scheduling order. Plaintiff has not filed any opposition.

     A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Pursuant to the scheduling order discovery closed on November 16, 2007, and all pretrial motions, except those to compel discovery, must be filed no later than January 11, 2008.

////

////

////

1

Defendants assert that they could not timely complete discovery and cannot timely file a pretrial motion because the court has yet to rule on the April 18, 2007, motion to dismiss filed on behalf of defendants Chapman, Gower, St. Andre and Arnold.[1] Although the argument is a non-sequitur, the request to modify the scheduling order is granted.

The defendants who moved to dismiss assert that they cannot satisfy the time limits in the scheduling order despite due diligence because they do not know how the court will rule on their motion. The defendants who delayed answering by asking for additional time in the other defendants' motion to dismiss assert that this court's delay in resolving the motion likewise has prevented them from complying with the schedule. Martinez asserts that for the sake of efficiency, whatever schedule applies to the other defendants ought to apply to him.

The pending request for additional time to answer the complaint does not justify the failure of defendants Briddle, Wilbur, Pribble, Von Rader, Kelsey, Weaver, Hicks, Houghland, Bigford, Bates, Little and Goyle to answer the complaint. A request for an extension of time does not suspend the time to act. Moreover, rather than filing an independent motion or application directly so that it could be acted upon immediately, they appended the request to the motion to dismiss that was filed on behalf of other defendants, and, when this court overlooked the request, they did nothing to bring the court's attention to it.

On the other hand, defendants Chapman, Gower, St. Andre and Arnold, who moved to dismiss have made the requisite showing for modification of the order and the court finds that the schedule ought to be modified for the reasons stated in their request. Defendant Martinez' request to be on the same schedule as the other defendants is well-taken. Despite the lack of good cause with respect to the other defendants, in the interest of judicial economy, the schedule will be modified to set common dates applicable to all defendants.

---

[1] Nor has the court ruled on the motion for an extension of time to answer the complaint made by defendants Briddle, Wilbur, Pribble, Von Rader, Kelsey, Weaver, Hicks, Houghland, Bigford, Bates, Little and Goyle in the last paragraph of the motion to dismiss. Only defendant Martinez has answered the complaint.

1  Accordingly, it hereby is ORDERED that defendants' December 5, 2007, motion to
2  modify the schedule is granted.  The dates for completing discovery and for filing pretrial
3  motions are vacated.  New dates will be established after defendants Briddle, Wilbur, Pribble,
4  Von Rader, Kelsey, Weaver, Hicks, Houghland, Bigford, Bates, Little, Goyle, Chapman, Gower,
5  St. Andre and Arnold have answered the complaint.  Those defendants shall file an answer to the
6  complaint within 10 days from the service of this order.

Dated:  January 3, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE