IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

      Plaintiff,                      No. CIV S-04-0776 LKK EFB P

    vs.

D. L. RUNNELS, et al.,           ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
      Defendants.

                            /

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on plaintiff's June 21, 2006, third amended complaint. Pending before the court is a motion to dismiss filed by defendants Chapman, Gower, St. Andre and Arnold. They contend that plaintiff fails to state any claim against them. *See* Fed. R. Civ. P. 12(b)(6). The brief in support of the motion also seeks an extension of time to file and serve an answer on behalf of defendants Briddle, Wilbur, Pribble, Von Rader, Kelsey, Weaver, Hicks, Houghland, Bigford, Bates, Little and Goyle. That request is granted.

      For the reasons explained below, the court finds that defendants' motion must be granted in part and denied in part.

////

////

**I.    Facts**

In the third amended complaint, plaintiff claims that defendants violated his rights under the Eighth Amendment based on a number of allegations. The court screened that complaint on September 8, 2006, pursuant to 28 U.S.C. § 1915A. The screening order determined that, for the limited purposes of section 1915A, the complaint stated claims as to defendants Chapman, Gower, St. Andre and Arnold that they failed to protect him from other guards' use of force against plaintiff. Also on that date, the court issued findings and recommendations explaining in some detail which allegations failed to state a claim. With respect to the claims that survived the initial review, the court gave little detail. Although not specified in detail in the screening order, the court concludes that for purposes of section 1915A, the following allegations state a claim: (1) defendant Chapman "was a bystander in tacit authorization and refused to intervene" when three other defendants used excessive force against plaintiff during an interrogation; (2) Gower failed to protect plaintiff while two other defendants punched plaintiff, grabbed him out of a detention cage, slammed him against the wall and applied pressure against him; (3) defendant St. Andre was present and himself authorized and observed as another defendant "sprayed excessive amounts of O.C. spray" into plaintiff's cell, and other guards entered to use excessive force against plaintiff; (4) defendant Arnold was deliberately indifferent to the conditions of plaintiff's confinement when throughout his shift one night he repeatedly beat on a detention cage where plaintiff was held.

Chapman, Gower, St. Andre and Arnold now move to dismiss those claims for failure to state a claim.

**II.    Standards on Motion to Dismiss**

A motion to dismiss made under Fed. R. Civ. P. 12(b)(6) is a defendant's means of testing plaintiff's compliance with the liberal pleading standard under Rule 8(a)(2).[1] Thus, in

---

[1] Rule 12(b)(6) tests the sufficiency of *allegations* in the complaint to state a cognizable claim, *Albright v. Oliver*, 510 U.S. 266 (1994), whereas Rule 56 tests the sufficiency of *evidence*

2

order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964, 1970 (2007)  (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").  Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Bell Atlantic*, 127 S.Ct. at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)."

The crux of the standard is this.  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When a motion to dismiss is for failure to state a claim upon which relief can be granted, the court assumes the complaint's factual allegations as true and determines whether those assumed facts give rise to a cause of action. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984).  In doing so, the court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*1995).  General allegations are presumed to include specific facts necessary to support the claim. *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Although courts will not normally look beyond the four corners of the complaint in resolving a Rule 12(b)(6) motion,[2] *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th

---

to support those allegations.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[2] When a party relies on matters extrinsic to the complaint, Rule 12(b)(6) expressly mandates that the court either disregard the extrinsic material or invoke the procedural

Cir.1997), *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id*. Moreover, the court may disregard allegations of the complaint that are contradicted by attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

Additionally, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,

---

protections afforded under Rule 56 so that the non-moving party is provided the opportunity to present evidence sufficient to overcome the motion. These procedures include converting the matter to a motion for summary judgment under Rule 56 and providing notice to the non-moving party that the facts challenged in the complaint must be supported with evidence adequate to demonstrate a genuine issue of material fact. *Rosales v. United States*, 824 F.2d 799, 802 (9th Cir 1987) (If matters external to the pleadings are presented to the court and not excluded, a Rule 12(b)(6) motion for failure to state a claim must be treated as a motion for summary judgment.).

809 F.2d 1446, 1448 (9th Cir. 1987).

### III. Analysis

Plaintiff claims that defendants Chapman, Gower and St. Andre violated his rights by failing to protect him from allegedly excessive force of other guards. He claims that Arnold violated his rights by depriving him of a basic human need. Each claim against each defendant is addressed below.

#### A. Defendant Chapman

Plaintiff alleges that Chapman stood by and failed to intervene when other defendants used excessive force. He asserts that Chapman was a "bystander" who "tacitly authorized" the abuse. Chapman argues that the factual allegations of the complaint, even if true, are insufficient to state a claim. He argues that "plaintiff must show that he sustained an objectively serious deprivation or injury, and only 'extreme deprivations' rise to the level of an Eighth Amendment violation." Defs.' Mot. to Dism., at 5:26-28 (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Chapman contends that plaintiff's claims, premised on these allegations, rest on a theory of supervisor liability which cannot be sustained because there is no allegation that defendant himself participated in causing any such deprivation or approved any constitutional violation after the fact. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating the possible bases of liability for a supervisor under § 1983); *see also*, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The argument is unavailing. The nature of plaintiff's claim is clear: defendant Chapman failed to protect him from other guards' use of excessive force, including punching him, slamming him against a wall, and spraying him with excessive amounts of O.C. spray. This claim, in the context of these factual allegations, is plainly cognizable. *See Farmer v. Brennan*, 511 U.S. 825, 834, 842-43 (1994) (guards have an Eighth Amendment obligation to protect prisoner from other guards). The argument that plaintiff's must allege he was subjected to any "extreme deprivation" is premised on a careless reading of *Hudson*. The entire sentence from

5

which defendant extracts this language reads as follows: "For instance, extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 8-9. This is not a conditions of confinement claim.

The court in *Hudson* took care to explain that:

> What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue, for two reasons. First, "[t]he general requirement that an Eighth Amendment claimant allege and prove the unnecessary and wanton infliction of pain should ... be applied with due regard for differences in the kind of conduct against which an Eighth Amendment objection is lodged." *Whitley [v. Albers],* 475 U.S. [312], at 1084 [(1986)]. Second, the Eighth Amendment's prohibition of cruel and unusual punishments " 'draw[s] its meaning from the evolving standards of decency that mark the progress of a maturing society,' " and so admits of few absolute limitations. Rhodes v. Chapman, 452 U.S. 337, 346, (1981) (*quoting Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion)).

*Hudson*, 503 U.S. at 8 (parallel citations omitted). Surprisingly, defendant's discussion of *Hudson* misses the court's most conspicuous point. The court differentiated the "excessive force" claim from the "conditions of confinement" claim. It took pains to explain why different standards apply. The question presented in *Hudson*, was "whether the use of excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." *Id.*, at 4. The answer was unequivocally, yes. In reaching this conclusion the court examined the various contexts in which the cruel and unusual punishments clause applies and the varying standards. *Id.*, at 7-12.

The "conditions of confinement" standard that defendant urges here was expressly *not* the standard applied in *Hudson*. Rather, the Supreme Court reaffirmed that "[i]n the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 8 (citing *Whitley*, 475 U.S. at 327). Not to put too fine a point on the matter, "[t]his is true whether or not significant injury is evident. Otherwise, the Eighth

6

Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today." *Id.*

Defendant has misread *Hudson* and his motion to dismiss this claim must be denied.

Chapman also moves to dismiss any claim predicated on the allegation that he allowed other guards to move plaintiff from one part of the prison to another in a "rickety, safety unequipped paraplegic transvan." *See* Third Am. Compl., at 10-11. As defendant notes, this claim was dismissed as to co-defendant Sgt. Brewer and it should be dismissed for the same reasons as to Chapman. The point is well-taken. The same analysis in the screening order was intended to apply to Chapman and the court now clarifies that it did not intend for defendant Chapman to respond to this claim.

This claim is subject to the conditions of confinement standard. Extreme deprivations are required to make out a conditions-of-confinement claim "[b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society . . . .'" *Hudson*, 503 U.S. at 9 (quoting *Rhodes v. Chapman*, 452 U.S. at 347), *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). The allegation that Chapman did not intervene to stop the transfer as described by plaintiff does not satisfy these standards. Thus, insofar as defendant Chapman understands the claim to have survived the court's review pursuant to 28 U.S.C. § 1915A, the claim must be dismissed.

**B. Defendant Gower**

Defendant Gower moves to dismiss plaintiff's claims that he failed to intervene when plaintiff was interrogated while sitting straddled on a chair with his hands behind his back and told to sign paperwork consenting to a strip search. Again, the screening order could have been more specific and the court did not intend for Gower to respond to these claims. While the Eighth Amendment imposes on prison guards the obligation to protect prisoners from excessive force at the hands of other guards, these allegations do not satisfy that standard. *See*, *Farmer*,

511 U.S. at 834, 842-43.  For a prisoner to state a claim that a search violated the Fourth Amendment, he must allege an intrusion that was unreasonable in relation to its purpose.  *See Jordan v. Gardner*, 986 F.2d 1521, 1534-1540 (9th Cir.  1993) (Reinhardt, J., concurring) (random, suspicionless, clothed body searches which included groping by male guards of female prisoners unreasonable in time, place and manner); *Michenfelder v. Sumner*, 860 F.2d 328, 333-34 (9th Cir.1988) (female guard's isolated observation of a male prisoner during a strip search not unreasonable).   Since reasonableness is the foundation of Fourth Amendment jurisprudence, a search pursuant to voluntary consent inherently is reasonable as long as the search is within the scope of the consent given.  *Florida v. Jimeno*, 500 U.S. 248, 250, 251-52 (1991).  It follows that if the applicable reasonableness standard under the Fourth Amendment is satisfied, then consent is not necessary.  Here, the court has found that the search in question was reasonable.  Accordingly, forcing plaintiff to sign a document consenting to the search, without more, works no unconstitutional invasion into plaintiff's privacy.  Thus, plaintiff's allegation does not state a claim under the Fourth Amendment.  Again, insofar as defendant believed he was obligated to defend against these claims, his motion must be granted with respect to them.

Defendant Gower also moves to dismiss the claim that he watched as other defendants punched plaintiff, grabbed him out of a detention cage and slammed him against a wall. Gower offers no reason for dismissing this claim.  Moreover, the analysis of this claim is subject to the same analysis discussed above regarding Chapman.  For those same reasons, the motion to dismiss this claim must be denied.

**C.  St. Andre**

St. Andre moves to dismiss the claim that he directly authorized a different guard to spray excessive amounts of pepper spray into plaintiff's cell, observed the guard as he did so, and that he thereafter did not intervene to protect plaintiff from the other guards use of excessive force.  St. Andre asserts that plaintiff cannot prevail on a theory of supervisor liability for the same reasons argued on behalf of Chapman.  The motion to dismiss must be denied for the

8

reasons stated above as to Chapman. Moreover, the claim does not on its face appear to depend on St. Andre's obligations as a superior officer. Rather, it falls directly within the ambit of a guard's Eighth Amendment obligations as explained in *Farmer*.

**D. Arnold**

Defendant Arnold moves to dismiss plaintiff's claims that Arnold threatened to beat plaintiff, kill him and bury him in the desert, and that he interrupted plaintiff's sleep one night by repeatedly banging on the detention cage where plaintiff was held, startling plaintiff and preventing him from sleeping. While these statements, if in fact made, may provide evidence as to other claims, they are not actionable in and of themselves. The court is well aware that threats and verbal harassment alone do not violate the Eighth Amendment. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997). The court did not intend in the screening order that defendant Arnold respond to a claim that obviously was not cognizable. Thus, the screening order is hereby clarified and insofar as defendant believes the claim survived this court's review pursuant to 28 U.S.C. § 1915A, the claim must be dismissed.

Plaintiff's other claim against Arnold, however, does state a claim. Plaintiff alleges that during his six-hour night shift, Arnold repeatedly went to the detention cage where plaintiff was held, beat on the cage with a night stick and yelled for plaintiff to wake up because, "You kept bothering me, so I'm going to keep bothering you," "We play by our own rules," and "You're in our world now." Third Amended Compl., at 32. To state a claim that conditions of confinement constitute cruel and unusual punishment, plaintiff must allege facts showing prison personnel or officials were deliberately indifferent to providing "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. at 347; *Wilson v. Seiter*, 501 U.S. at 302-03. Defendant offers no argument that, as a matter of law, sleep is not one of life's minimal necessities or that the deprivation thereof in the manner described by plaintiff is not sufficiently extreme in light of the apparent lack of any penological justification for this treatment. The

9

motion must be denied with respect to this claim.

## IV. Conclusion

For all of the above reasons, the court finds that defendants Chapman, Gower, St. Andre and Arnold have not demonstrated that plaintiff failed to state a claim upon which relief can be granted.

Accordingly, it hereby is ORDERED that the request for an extension of time on behalf of defendants Briddle, Wilbur, Pribble, Von Rader, Kelsey, Weaver, Hicks, Houghland, Bigford, Bates, Little and Goyle is granted. These defendants have 15 days from the date the order on the motion to dismiss is served to file and serve an answer to the complaint.

Further, it is RECOMMENDED that:

1. Defendants' April 18, 2007, motion to dismiss be granted in part and that the following claims be dismissed:

   a. That defendant Chapman violated plaintiff's Eighth Amendment rights by permitting his transport from one part of the prison to another in an unsafe transvan;

   b. That defendant Gower violated the Eighth Amendment by failing to intervene when plaintiff was interrogated while sitting straddled on a chair with his hands behind his back;

   c. That defendant Gower violated the Fourth Amendment by forcing plaintiff to sign a form consenting to a strip search;

   d. That defendant Arnold violated the Eighth Amendment by threatening to kill plaintiff and bury him in the desert;

2. Defendants' April 18, 2007, motion to dismiss be denied in part and that the following claims not be dismissed:

   a. That Chapman was deliberately indifferent to plaintiff's safety by failing to intervene when other guards used excessive force against plaintiff;

   b. That Gower was deliberately indifferent to plaintiff's safety by failing to intervene when two other defendants punched plaintiff, grabbed him out of a detention cage,

10

slammed him against a wall and applied pressure to him;

   c. That defendant St. Andre authorized and observed as another defendant sprayed excessive amounts of pepper spray into plaintiff's cell and as other guards entered and used excessive force against plaintiff;

   d. That defendant Arnold was deliberately indifferent to the conditions' of plaintiff's confinement when throughout his shift one night he repeatedly beat on the detention cage where plaintiff was held and was trying to sleep; and,

  3. Defendants be granted 15 days from the date of service of the order finally resolving this motion to file and serve an answer to the complaint.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 22, 2008.

            EDMUND F. BRENNAN
            UNITED STATES MAGISTRATE JUDGE