IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

      Plaintiff,                  No. CIV S-04-0776 LKK EFB P

    vs.

D. L. RUNNELS, et al.,

      Defendants.          <u>ORDER</u>

_____/

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Currently pending is plaintiff's motion for an order compelling defendant Martinez to respond to discovery requests, which was entered on this court's docket on November 20, 2007, but mailed by plaintiff on November 15, 2007. Defendant Martinez has filed an opposition, asserting that the motion was filed after discovery closed. For the reasons explained below, the court finds that the motion to compel is timely.

**I.    Facts**

      This action proceeds on the June 21, 2006, third amended complaint. On July 16, 2007, defendant Martinez filed an answer. Thus, on July 27, 2007, the court entered a discovery and scheduling order establishing November 16, 2007, as the date by which discovery must have been completed. The court emphasized that the parties had until that date to file any

1

motions to compel discovery. Plaintiff signed the certificate of service attached to the motion to compel on November 15, 2007. As evidence that this is the date he relinquished control of the motion, he submits a request that prison staff interview him, which he dated November 15, 2007. In this request, he states:

> Please process this mot. to compl prdtn. of docmnts/exh. to: U.S. Dist. Ct. Eastern Dist. Of CA, Office of the Clerk, 501 I St. Ste. 4-200, Sacto. CA 95814-2322. Please return this slip back to me for my records. Thank you. Vance.

Pl.'s Mot., Ex. C. Plaintiff asserts that he delivered this request and the legal documents to a guard named Garcia. Pl.'s Rply., at 2:8-10. This document is date-stamped as having been received on November 19. It also shows that someone named Valerie interviewed plaintiff and noted that the papers were "Rec'd, Logged, & mailed 11/19/2007." Pl.'s Mot., Ex. C. Defendant Martinez has submitted a copy of an envelope, in which he asserts he received plaintiff's motion to compel. Defs.' Opp'n, Ex. B. That envelope bears the handwritten notation, "C/O Green 11/18.07." There is no evidence as to the identities or roles of the person named Valerie or the person named C/O Green. As noted above, on November 20, 2007, the Clerk of the Court docketed the motion to compel discovery.

## II. Standards

Neither party disputes that the prisoner mailbox rule applies here. Under this well-established rule, a prisoner's legal document is deemed filed at the moment he delivers it to the prison authorities for forwarding to the clerk of the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) (applying prison mailbox rule to prisoners like plaintiff, who represent themselves in civil rights litigation). This rule exists to correct for the uncertainty inherent when a prisoner uses the prison's mail system to submit documents to a court. Once a prisoner delivers a document to prison officials for mailing to the clerk of the court, a prisoner loses control over the filing. *Houston*, 487 U.S. at 270-71. Also, prison officials may delay prisoners' court filings, but this would be difficult for a prisoner to prove. *Id.*, at 271. Furthermore, prisoners "cannot take the steps other litigants can to monitor

the processing of their [documents] and to ensure that the court clerk receives and stamps [them] before" the applicable deadlines. *Id.*, at 270-71.

### III. Analysis

Defendant Martinez argues that plaintiff's motion to compel should be denied because it was filed after the November 16, 2007, the discovery cutoff. Plaintiff asserts that he filed the motion on November 15, 2007. The parties agree that the mailbox rule applies here because plaintiff is a prisoner without counsel. Moreover, they do not dispute that a document is "filed" when the prisoner delivers it to prison officials for mailing to the court. Rather, they dispute the date plaintiff actually delivered the motion to prison officials. Crucial here is who has the burden of proof on this question. The Ninth Circuit has not directly addressed the burden of proof under *Houston*, but the Eleventh Circuit has held that *Houston* places the burden of proving the date the prisoner delivered the documents on prison officials. *See Garvey v. Vaughn*, 993 F.2d 776, 781 (11th Cir. 1993). The court finds that the rule of *Garvey* is consistent with the decision in *Houston*, in which the Supreme Court noted that:

> The *pro se* prisoner does not anonymously drop his [document] in a public mailbox-he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date.
>
> The prison will be the only party with access to at least some of the evidence needed to resolve such questions-one of the vices the general rule is meant to avoid-and evidence on any of these issues will be hard to come by for the prisoner confined to his cell, who can usually only guess whether the prison authorities, the Postal Service, or the court clerk is to blame for any delay.

*Houston*, 487 U.S. at 276. Therefore, absent evidence to the contrary, a prisoner's document is deemed filed the date he signed it. Here, the court finds that the classic gaps in information identified in *Houston* exist here. The parties agree that plaintiff signed the certificate of service attached to the motion to compel on November 15, 2007. However, defendant Martinez contends that the handwritten notation, "C/O Green 11/18/07" establishes that prison officials did not receive the document until one day after discovery closed. Plaintiff's evidence suggests

that he did in fact relinquish control of the documents on November 15, 2007, but that this delivery was not officially acknowledged and recorded until November 19, the date stamped on plaintiff's request.  Significantly, this is after November 18, the date Martinez contends that prison officials first received the documents.  Also significant is that Martinez submits nothing more than a photocopy of the envelope containing the documents mailed to counsel without reference to any internal logs, policies, procedures, or even plaintiff's November 15, 2007, request that the documents be mailed.  Thus, the court has no way of determining the significance of C.O. Green's name appearing on the envelope received by counsel for Martinez. Neither is there any way for the court to account for the time between the date plaintiff signed the certificate of service, November 15, and the date the parties seem to agree the motion was mailed, November 19.  On the evidence before the court, it is reasonable to infer the following: (1) plaintiff delivered the motion and exhibits to Garcia on November 15; (2) these papers came into the custody of Green, who signed and dated the envelope November 18; and, (3) Valerie interviewed plaintiff about the documents and mailed them on November 19.  Under the mailbox rule, it does not matter when prison officials actually mailed the documents.  It matters when the plaintiff relinquishes them to prison officials.  Plaintiff's evidence suggests that this occurred November 15, 2007, and defendants' evidence is insufficient to establish otherwise. Accordingly, the court finds that plaintiff's motion to compel was delivered to prison authorities and therefore filed on November 15, 2007.  Since discovery closed on November 16, 2007, the motion is timely.

Accordingly, it is ORDERED that:

1. The court accepts plaintiff's motion to compel discovery as timely; and,

2. Defendant Martinez has 30 days from the date this order is signed to file and serve an opposition to the motion.

Dated: April 18, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4