IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

        Plaintiff,                    No. CIV S-04-0776 LKK EFB P

    vs.

D. L. RUNNELS, et al.,

        Defendants.           ORDER

                              /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court is defendants' motion for a protective order. *See* Fed. R. Civ. P. 26(c). Defendants seek an order relieving them from the obligation of responding to an excessive number of irrelevant and vague requests for admission. As explained below, defendants' request must be granted.

**I.    Facts**

       Plaintiff's third amended complaint claims that eighteen defendants in various ways subjected him to cruel and unusual punishment in violation of the Eighth Amendment.[1] On June

---

[1] For the sake of brevity the court does not here address all of plaintiff several claims against the 18 defendants he has named. Instead only those claims relevant to this motion are addressed.

1

12, 2008, seventeen defendants received one set of requests for admissions. Each request served sought admission of more than 120 facts, except for Briddle, from whom plaintiff sought admission of 116 facts. Rather than attach all of the requests for admission to their motion, defendants submit a copy of the request served on defendant Chapman.[2] They assert, and plaintiff does not deny, that this request is representative of all requests to the 17 defendants. As noted by defendants, plaintiff's only claim against Chapman is that Chapman failed to intervene when defendants Weaver and Houghland used excessive force on plaintiff on December 31, 2002. Third Am. Comp at 10.

Plaintiff's request asks the defendant to admit or deny that various laws and regulations were the "governing law" at the time of the events giving rise to this action. Defs.' Mot., Ex. A, 1-3. He requests the defendant to admit or deny that knowing the details of these provisions was part of his job, and whether the defendant knows of particular rules and regulations about matters such as placement in administrative segregation, the general treatment of prisoners, the use of confidential sources and the use of force. *Id.*, at 3, 8-12, 14-15, 17-18, 20. Plaintiff asks about the defendant's knowledge of poor weather and driving conditions, a blackout, and a lockdown because of the blackout from December 29, 2002, until December 31, 2002. *Id.*, at 3-5. He further asks the defendant to admit or deny knowledge of plaintiff's race, plaintiff's having been extracted from his cell, the atmosphere of the prison around December 29, whether plaintiff had been "profiled for apprehension," deemed a threat to the institution, listed as dangerous or deemed to have belonged to a gang. *Id.*, at 5-6, 12-13, 16. He asks the defendant to admit or deny the details of plaintiff's escort from one part of the prison to another, where plaintiff was housed, where plaintiff worked, and whether the defendant was "inconvenienced by the warden's surprised emergency plan of action inmate sweep?" *Id.*, at 6-7. Finally, he asks the defendant to admit or deny various facts about an "inmate sweep." *Id.*, at 19-21. Defendants

---

[2] Counsel asserts that retyping plaintiff's 127 requests to defendant Chapman alone took an experienced secretary about 10 hours. Gatlin Dec., ¶ 5.

seek an order relieving them from the obligation of responding to these requests.

**II.     Standards**

"Upon motion by a party or by the person from whom discovery is sought, . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Good cause" exists when justice requires the protection of a party or a person from any annoyance, embarrassment, oppression, or undue burden or expense. *Alexander v. F.B.I.*, 186 F.R.D. 60, 71 (Dist. D. C. 1998). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992). The objections serving as the basis of a protective order should be "plain enough and specific enough" to permit the court to understand the factual underpinning of a party's objections. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

The particular discovery mechanism plaintiff uses here is governed by Rule 36 of the Federal Rules of Civil Procedure. Pursuant to this rule, a party may serve on any other party written requests for admission. Fed. R. Civ. P. 36(a)(1). The information sought must be within the scope of discovery, i.e., any matter not privileged and which is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Obviously, for evidence to be admissible it must be relevant to a claim or defense in issue. The Local Rules of this Court require that "[r]esponses to requests for admission shall set forth each request in full before each response." E.D. Cal. L. R. 36-250(a).

////

////

### III. Analysis

Defendants contend that plaintiff's requests are unduly burdensome, and for the most part, seek information that is outside the scope of discovery. Defendants note that they have no objection to plaintiff "propounding a single set of streamlined and relevant requests for admissions." Defs.' Mot., at 6-7. For his part, plaintiff dismisses each of defendants' assertions without attempting to explain the relevance of any request or acknowledging the time and work involved in responding to his requests. Pl.'s Opp'n, at 1-3. For example, rather than addressing the relevancy of the requests plaintiff quibbles with defendants' assertion that they received the requests on or around June 12, 2008, as defendants have stated. Defs.' Mot., at 3. Plaintiff, raising a dispute that is simply beside the point, accuses them of dishonesty, asserting that he served the requests on June 8, 2008. Pl.'s Opp'n, at 1. Plaintiff's glibly contentious arguments do not help him in this matter.

Fundamentally, Rule 36 is "designed to reduce trial time." Advisory Committee Notes, 1970 Amendment to Rule 36. First, it is meant "to facilitate proof with respect to issues that cannot be eliminated from the case," and "to narrow the issues by eliminating those that can be." *Id.* In no way is this discovery tool meant to be a fishing expedition. Rather, the overall goal is to "enable[] the requesting party to avoid the burdensome accumulation of proof prior to the pretrial conference." *Id.* Thus, the investigation required to answer a request for admission need only be "reasonable", such that "[i]n most instances, the investigation will be necessary either to his own case or to preparation for rebuttal." Even when it is not, the information may be close enough at hand to be readily obtainable." *Id.* Here, defendants have shown that devoting resources to respond the unfocused and largely irrelevant requests at issue here would be highly burdensome and wasteful of limited resources. Some of plaintiff's requests are essentially redundant. *See* Defs.' Mot., Ex. A, Requests 11-14 (regarding weather and driving conditions). Others do not appear to be within the scope of discovery. *See*, *e.g.*, *Id.*, Ex. A, Requests 36-38 (regarding effect of the September 11, 2001, terrorist attacks on prison policy from December

4

31, 2002, to January 15, 2003), 1-6 (regarding laws and rules in effect at the time of the events giving rise to this action), 85 (regarding post 9-11-2001 treatment of Muslim Relgious Group Members); and 51-56 (regarding officer's dress code, including name tags).  Plaintiff has not attempted to narrow the scope of his requests to facts relevant to this case.  Thus, while a particular defendant's presence and the scope of his authority at the time plaintiff was removed from his cell may be relevant and susceptible to requests for admission, for the most part it does not appear that this is the sort of request that plaintiff has made.  Based on defendants' showing as to the extent of resources necessary to conduct the reasonable investigation required by Rule 36 and respond to the several requests for admissions involved here the court finds that it would be unduly burdensome in light of the unfocused and largely irrelevant nature of plaintiff's requests.

While counsel has offered to permit plaintiff to reformulate and re-serve his requests, plaintiff has dismissed this offer as "the epitome of attempting to elude answering discovery requests and further delay of prosecution."[3]  Pl.'s Opp'n, at 5.  Defendants made this offer in good faith, and plaintiff has had ample time to accept and to submit a new set of requests for admissions, but he has not.  Thus, the defendants are not further obliged to assist plaintiff in tailoring his over broad and unduly burdensome requests.

**IV. Conclusion**

For the reasons stated above, the court finds that the defendants have demonstrated good cause for a protective order.  Accordingly, their motion is granted and it is ORDERED defendants are relieved of their obligation to respond to the requests for admission served on or around June 8, 2008, and which they received on or around June 12, 2008.

Dated:  November 21, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The tone of plaintiff's rely to this proposal suggests that he is more interested in unproductive quarreling than he is in conducting meaningful discovery.

5