IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

    Plaintiff,                  No. CIV S-04-0776 LKK EFB P

    vs.

D. L. RUNNELS, et al.,

    Defendants.          ORDER

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently under consideration is plaintiff's July 29, 2008, motion to compel discovery. For the reasons explained below, the motion is granted in part and denied in part.

**I.    Procedural Background**

    This action proceeds on the June 21, 2006, third amended complaint.[1] Plaintiff alleges that on December 30, 2002, the warden of High Desert State Prison ordered a "sweep" of

---

[1] Nineteen defendants remain in this action. The parties agree that plaintiff propounded identical requests for production on each defendant. Each defendant responded with nearly identical responses. In support of his motion to compel, plaintiff submits his requests for production to, and the responses from Martinez. Pl.'s Decl. in Supp. of Mot. to Compel, Ex. 3. The parties seem to agree that the court's rulings on the issues as they pertain to Martinez will apply to all other defendants as well. Therefore, the court relies on plaintiff's Exhibit 3, but substitutes "defendant" where the exhibit says "Martinez."

1

African American prisoners. Third Amended Complaint (hereafter, "Third Am. Comp."), at 9. Plaintiff does not explain what he means by "sweep," but the court construes the term as ordering that prisoners be placed on "lockdown."[2] Plaintiff alleges that in the course of instituting the lockdown, he was subjected to a violent cell extraction. He also alleges that after the lockdown was imposed, he was subjected to inhumane conditions of confinement, including beatings, denial of medical care, denial of personal hygiene supplies and confinement to a filthy, freezing cell with blankets and sheets stained with feces. These conditions lasted, he says, until January 9, 2003.

Plaintiff served on defendants two sets[3] of requests for the production of documents. Defendants served responses and objections. Dissatisfied with these responses, plaintiff moves to compel further responses and production of the documents..

**II.     Discovery Rules for Production of Documents**

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information is relevant for purposes of discovery if "it is reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Since discovery is designed to define and clarify the issues in the case, it is not limited to the precise issues raised in the pleadings. *Id.*, at 350-51.

////

---

[2] "Lockdown means that a portion of the facility is affected by suspension of required programs or services, and inmates are not released except as determined by the facility administration on an individuals, case-by-case basis. As determined by the facility administration, under such circumstances only critical inmate workers in the affected housing units/sub-facilities will be permitted to attend to work assignments under escort, and all but essential functions are suspended in those affected housing units or sub-facilities, e.g., yard, canteen draws, religious services, and visiting." Cal. Code Regs. tit. 15, § 3000.

[3] Plaintiff refers to these sets as "stages." Thus, he refers to "Requests for Production of Documents Stage 1," and "Stage 2." Pl.'s Decl. in Supp. of Mot. to Compel, at 1.

"The question of relevancy should be construed "liberally and with common sense" and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)(quoting *Miller v. Panuci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)). The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). A party has a continuing duty to supplement, correct or amend discovery responses if the court so orders or if the party learns the responses were in some material respect incorrect or incomplete and the information has not otherwise been made available to other parties. Fed. R. Civ. P. 26(e)(2).

Any party may request any other party produce for inspection documents including writings, drawings, graphs, charts or data compilations. Fed. R. Civ. P. 34(a). The requesting party must identify the items to be produced and the party upon whom the request is made must make a written response stating that inspection will be permitted as requested, unless the party objects and states the basis therefor. Fed. R. Civ. P. 34(b).

A party may move for an order compelling discovery with respect to objections or other failure to respond to requests to produce documents. Fed. R. Civ. P. 37(a)(2)(B), 34(b).

**III.    Analysis**

Defendants contend that plaintiff's motion to compel is procedurally defective and should be denied in its entirety because plaintiff "fails to specifically state why each response is insufficient or in need of compulsion." Defs.' Opp'n to Pl.'s Mot. to Compel, at 2. While plaintiff's motion could be better explained, it is possible to discern what information is being sought. Moreover, "the party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining any supporting its objections." *DirectTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002). Accordingly, this

general objection is overruled and the court turns to plaintiff's specific requests and defendants' objections.

**A. Plaintiff's Requests for Production of Documents, Set 1**

    **1. <u>Request Number 1</u>**

Plaintiff seeks: "Duty Roster: Relevant to Defendant Martinez's identity at building location assignment at High Desert State Prison from 12-29-02 thru 2-30-03, re: knowledge and opportunity also, alleged by the Plaintiff." Pl.'s Decl. in Supp. of Mot. to Compel, filed July 29, 2008, at 5. Defendants object on several grounds, but state that they "will provide these documents to Plaintiff upon receipt from High Desert State Prison." Defs.' Opp'n at 3. Although plaintiff asserts that at the time of his deposition on August 5, 2008, he had not received all records responsive to this request, nowhere in his motion does he assert he still has not received them. Thus, it appears that the motion as to this request is moot and it is therefore denied.

    **2. <u>Request Number 2</u>**

Request Number 2 seeks: "Personnel Record: Relevant to defendant's track record reputation and specific instances of conduct in performance standards alleged by the Plaintiff at High Desert State Prison from the year 2001 thru 2003." Pl.'s Decl., at 5. Defendants object that the request seeks "confidential documents not relevant to any claim or defense in this action, and therefore is unlikely to lead to the discovery of admissible evidence." Pl.'s Decl., Ex. 3 at 5. They also object that the request is vague, ambiguous and overbroad. *Id.* at 5-6. Defendants argue that the confidentiality objection is rooted in the official information privilege. Defs.' Opp'n at 3. The court considers each objection in turn.

        **a. <u>Relevance</u>**

The personnel records of police officers defending civil rights actions for the excessive use of force, while containing sensitive information, are within the scope of discovery. *Soto v. City of Concord*, 162 F.R.D. at 614-15; *Hampton v. City of San Diego*, 147 F.R.D. 227, 230-31

(S.D. Cal. 1993); *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). Information such as records of training, conduct, performance, and evaluation may be relevant to credibility, knowledge, motive, preparation, opportunity, identity or absence of mistake or accident. *Soto*, 162 F.R.D. at 615; *Miller*, 141 F.R.D. at 296 fn. 3. The personnel records of the defendants in this action are relevant under Rule 26(b) for the same reasons. The court finds, however, that at least initially only documents spanning the time of the alleged constitutional violations, i.e., December 31, 2002, through January 9, 2003, are discoverable subject to certain protective limitations discussed below.

### b. **Privilege**

Defendants also allege that plaintiff seeks information subject to the "official information privilege." Yet, defendants failed to prepare and submit a privilege log. A party objecting to production or inspection of part of a document must explain that objection and permit inspection or production of the remainder. Fed. R. Civ. P. 35(b)(2)(C.). A party objecting based on a claim of privilege must make the objection and explain it "as to each record sought to allow the court to rule with specificity." *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (noting that "blanket assertions of [a] privilege are extremely disfavored); Fed. R. Civ. P. 26(b)(5).[4] The failure to do so may result in the privilege being waived. The Ninth Circuit has declined to adopt a rule that failure to produce a privilege log automatically waives the privilege. *Burlington Northern & Santa Fe etc. v. U.S.D.C. Montana (Kapsner),* 408 F.3d 1142, 1149 (9th Cir. 2005). Instead, when a party opposing requests for production of documents fails to submit a privilege log with his discovery responses, a court entertaining a motion to compel must evaluate several factors. *Id.* at 1149. Those include whether the objections to producing documents were timely, whether the number of responsive documents to be reviewed by the

---

[4] Rule 26(b)(5) provides that when a party withholds information on the ground of privilege, the party shall make the claim expressly and shall describe the nature of the documents withheld in a manner that enables the requesting party to assess the claim.

party opposing discovery imposes a burden that could justify delay in producing a privilege log and whether the objection or assertion of privilege enables other parties and the court to evaluate the claim of privilege. *Id.* Here, defendants timely responded to plaintiff's discovery requests, but as noted they did not submit a privilege log. Their opposition to plaintiff's motion to compel also was timely, but they still failed to submit a privilege log. It is impossible to tell whether the number of responsive records contributed to this omission because defendants' assertions of burdensomeness, as noted below, lack any explanation of what it would entail to produce the requested documents. Thus, while the first consideration weighs in defendants' favor because they did not seek to avoid disclosure by dragging their feet, the second consideration does not weigh in their favor. The court now turns to the question of whether defendants' response has enabled plaintiff and the court to evaluate the claim of privilege.

"Federal common law recognizes a qualified privilege for official information. Government personnel files are considered official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). The official information privilege exists to ensure disclosure of discoverable information without compromising the State's interest in protecting the privacy of law enforcement officials and in ensuring the efficacy of its law enforcement system. *Kelly v. City of San Jose,* 114 F.R.D. 653, 662-63 (N.D. Cal. 1987). "In the context of civil rights suits against [corrections officials], ths balancing approach should be 'moderately pre-weighted in favor of disclosure." *Soto*, 162 F.R.D. at 613 (quoting *Kelly*, 114 F.R.D. at 661). Whether personnel files are privileged depends upon the balance of "potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery." *Miller*, 141 F.R.D. 299. Because "privileges operate in derogation of the truth finding process the law places the burden of proving all elements essential to invoking any privilege on the party seeking its benefits." *Kelly,* 114 F.R.D. at 662; Fed. R. Civ. P. 26(b)(5). In this regard, it is troubling that defendants have not complied with their obligation to prepare a proper privilege log to assert their claims of privilege here. The

party asserting the privilege must identify the documents it believes are protected in order to afford the requesting party an opportunity to challenge the assertion of the privilege. *Miller*, 141 F.R.D. at 300.

To invoke this privilege the party opposing discovery must, in addition to a privilege log, submit an affidavit from an official of the agency in control of the materials sought addressing the following concerns: (1) an affirmation that the agency has maintained the confidentiality of the materials it refuses to disclose; (2) a statement that the affiant personally has reviewed the material in question; (3) a specific identification of the privacy interests that would be threatened by disclosure to the plaintiff; (4) a description of how disclosure pursuant to a "carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests;" and (5) a projection of the extent of harm that would befall the threatened interests if disclosure were ordered. *Kelly,* 114 F.R.D. at 670. In *Kelly*, the court emphasized that the reason for requiring this sort of showing,

> is to provide the court with the information it needs to make a reasoned assessment of the weight of the interests that line up, in the particular situation before the court, against the requested disclosure. The more specific the government's affidavit, the better it equips the court to do its job.

*Kelly*, 114 F.R.D. at 670.

Here, defendants served on plaintiff a declaration of the records custodian, T. McCrary, in support of their assertion of the privilege. Pl.'s Decl. in Supp. of Mot. to Compel, Ex. 1, Decl. of McCrary. However, as noted, they have not identified any particular documents they believe are privileged. Without identifying particular documents they believe are subject to the privilege, they cannot successfully invoke it. *See Miller*, 141 F.R.D. at 300.

With respect to disclosing the documents plaintiff seeks, McCrary asserts the following reasons to justify the assertion of a privilege:

> (a) the negative impact disclosure would have on departmental disciplinary procedures; (b) the chilling effect it would have on the willingness of officers and employees to provide personal information to the department about themselves,

7

their families etc.; (c) the chilling effect it would have on officers being willing to share potentially important information with the department relating to the job performance of themselves and others; (d) the chilling effect it would have on officers being willing to share potentially important information with the department relating to the activities of themselves and others, including health, safety, and security concerns, which in turn could negatively impact the health and safety of the officer, employees, their families, and others identified in their personnel files, and the security of the institution where they are employed; and (e) the negative impact it would have as it relates to internal investigations and assessments of officers and employees and resulting corrective or remedial actions.

McCrary Decl., at ¶ 6. McCrary further asserts that releasing personnel files would compromise the privacy of other individuals whose names appear in them. *Id.*, at ¶ 7. Also of concern is that disclosure could inhibit open communication among officers and employees, which is necessary to "the safe and secure operation of these types of correctional facilities." *Id.*, at ¶ 8. Moreover, disclosure negatively would impact disciplinary procedures within the department. *Id.*, at ¶ 11.

The blanket assertion of privilege advanced in McCrary's declaration is insufficient to demonstrate that the documents plaintiff seeks are privileged. The mere assertion that disclosure will have a "negative impact" or a "chilling effect" on some aspect of prison administration or security is unhelpful. Furthermore, the assertion that disclosure could inhibit "open communication" is of no assistance to the court in finding that the privilege applies. *See Soto*, 162 F.R.D. at 614 (a general assertion that disclosure would discourage "frank discussions" within a department is too general to invoke the privilege). The party objecting to disclosure "must *specifically* describe how disclosure of the requested documents in that particular case . . . would be harmful." *Chism v. County of San Bernadino,* 159 F.R.D. 531, 535 (C.D. Cal. 1994). Thus, if there would be a chilling impact on how candid guards might be because they fear retaliation at the hands of prisoners or of fellow guards, defendants must offer this explanation and properly support it with a privilege log. The documentation must establish a factual basis that the specific documents (or portions of documents) actually contain information that invokes that concern.

////

While McCrary asserts that a protective order would not remedy the concerns she outlines, she does not explain how a "carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests." *Id.*, at ¶ 9-10. She does not explain what type of sensitive information is at issue and why it cannot be redacted. Instead, she states only that, "[t]he appropriate use of protective orders, no matter how carefully crafted, does not change the impact disclosure would have on the safety and security of CDCR employees, or their willingness to openly communicate or provide personal information." *Id.*, at ¶ 9. This assertion amounts to a repudiation of the entire approach under *Kelley*. Certainly a protective order that directs the withholding or redaction of personal information such as medical histories, pension plans, identity of family members and names of co-workers when such names are not within the scope of discovery would alleviate many of the concerns asserted in the affidavit. Furthermore, as noted above, defendants have not submitted any documents for *in camera* review, have not identified any documents that might be subject to this privilege and have not explained specifically how disclosure would be harmful. The court can neither find that the documents plaintiff seeks are privileged nor enter any protective order at all, much less one that is carefully crafted, unless defendants provide the specific information required under *Kelly*. This they have not done. Thus, the objection is overruled.

While overruling the objection, the court finds that the defendants have provided sufficient information that the objection is not waived. *See Burlington Northern v. & Santa Fe Railway Company*, 408 F.3d at 1149. Accordingly, defendants shall, within thirty days, either turn over their personnel records dating from December 30, 2002, through January 9, 2003, or produce redacted copies of those documents together with a proposed protective order that provides for the redaction of sensitive information such as addresses and the like.[5] Any

---

[5] Defendants are admonished that if they seek a protective order they must justify it. Again, as a general matter, the moving party seeking a protective order must make a clear showing of a particular and specific need for the order. *Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "Broad allegations of harm, unsubstantiated by specific examples or

9

supplemental response must be certified pursuant to Rule 26(g) of the Federal Rules of Civil Procedure.[6]  Any withheld information shall be specifically itemized in a privilege log that satisfies federal law.  Additionally, defendants shall submit an in camera explanation for the redacted or withheld information.  Again, it was defendants' burden either to produce the requested documents or move for a protective order.  Refusal to produce discovery based on a blanket assertion of privilege and without a proper privilege log is clearly not an appropriate response to the discovery request.

### 3. Request Number 3

Plaintiff seeks, "Prison Disciplinary Record: Relevant to [defendant's] track record reputation, specific instances of conduct, habit, pattern, alleged by the Plaintiff at High Desert State prison from the year 2001 thru 2003."  Pl.'s Decl., Ex. 3 at 7.  Defendants object that plaintiff seeks confidential information that is not relevant to any claim or defense.

Defendants argue that any information about their disciplinary history is not admissible under the Federal Rules of Evidence and for this reason it is not likely to lead to the discovery of admissible evidence.  It is possible that these records contain information about the defendants' "ethics, interpersonal relationships, decision making abilities, work and safety habits," that may be relevant to questions of credibility, punitive damages, knowledge, opportunity and motive.  *Soto*, 162 F.R.D. at 615.  Therefore, the records are within the scope of discovery.  *Id.*  With respect to the assertion that these records are "confidential," defendants do not offer any legal authority or argument on the matter.  If they mean to argue that the official information privilege applies, the court finds that it does not for the reasons explained above.  Therefore, the objection

---

articulated reasoning do not satisfy the Rule 26(c) test." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

[6] Fed. R. Civ. P. 26(g) requires counsel to sign responses to discovery requests.  Counsel's signature certifies that to the best of his knowledge, information and belief, the disclosure or response is complete and correct, and not intended for any improper purpose.  Fed. R. Civ. P. 26(g)(1).

10

is overruled and defendants are ordered to produce these documents subject to the same conditions discussed above as to Request No. 2.

As with Request No. 2, the time frame for which plaintiff seeks these records is too broad. Defendants shall produce all documents related to any disciplinary actions initiated against defendants from December 30, 2002, through January 9, 2003.

### 4. Request Number 4

Plaintiff seeks "Prison Disciplinary Reprimands: Relevant to [defendant's] track record reputation, opinions of character, specific instances of conduct, habit, other wrongs, acts, intent alleged by Plaintiff from the year 2001 through 2003." Pl.'s Decl., Ex. 3, at 8. Defendants object on the ground that it seeks confidential information that is not within the scope of discovery, and that in light of this irrelevance, the prejudicial effect of releasing the information greatly outweighs plaintiff's interest in disclosure. For all the reasons the court found that the information sought in Requests Number 2 and 3 was within the scope of discovery, the court finds that the information sought in this request also is within the scope of discovery. Also, for the reasons explained above with respect to defendants' personnel files, the court finds that defendants have failed to demonstrate that the information is privileged. Again, the time frame for which plaintiff seeks these records is too broad. Defendants shall produce all documents related to any disciplinary reprimands taken or entered against defendants from December 30, 2002, through January 9, 2003. The production shall be under the same conditions discussed above as to Request Number 2.

### 5. Request Number 5

Plaintiff seeks "Critical Incident Reports: Relevant to Defendant Martinez's track report reputation, opinions of character, specific instances of conduct, habit, other wrongs, acts, intent, alleged by Plaintiff from the year 2001 thru 2003." Pl.'s Decl., Ex. 3, at 9. Plaintiff cites to Cal. Code Regs. tit 15, § 3382 for the existence of these reports. Defendants object that the request is vague, ambiguous and overbroad and seeks documents outside the scope of discovery. They

11

also object that they are unaware of any documents called "Critical Incident Report," asserting that § 3382 applies to "the actions and responsibilities of wardens, superintendents, and parole region administrators." Pl.'s Decl., Ex. 3, at 10. Based on this reading of the regulation, they assert that the documents that plaintiff seeks do not exist. Section 3382 requires wardens and superintendents to submit to the Secretary written reports concerning "[a]ny event or activity occurring within the jurisdiction of institutions or parole regions which may be of immediate interest or concern to the department . . . ." Cal. Code Regs. tit 15 § 3382(a). Examples of incidents which must be reported are "all serious crimes such as homicide or severe assaults upon or by inmates . . . ." Cal. Code Regs. tit 15, § 3382(b). The actions that are reportable fall within a broad range of misconduct by anyone within the stated jurisdiction - and thus could be a prisoner, guard, visitor, parolee or parole officer. *See* Cal. Code Regs. tit 15, § 3382(b). Incident reports that are in any way related to the lockdown and treatment of plaintiff are within the scope of discovery. *See Soto*,162 F.R.D. at 611 (internal affairs documents concerning the investigation of excessive force alleged in the complaint falls within the scope of discovery). Subject to the same conditions and limitations discussed above as to Request Number 2, defendants shall produce all incident reports concerning the conduct of any defendants involved in imposing the lockdown on December 22, 2002, and the treatment of plaintiff from that date until January 9, 2003.

### 6. Request Number 6

Plaintiff seeks "Major Mis-Conduct Reports: Relevant to defendant's track record reputation opinions of character, specific instances of conduct, habit, other wrongs, acts, intent, alleged by Plaintiff from the year 2001 thru 2003." Pl.'s Decl., Ex. 3, at 10. Defendants object that the request is vague in that they do not know what a "Major Mis-Conduct Report" is and seeks information outside the scope of discovery. Plaintiff cites to Cal. Code Regs. tit 15 § 3391

////

////

to explain the type of report he requests.[7] Defendants reliance on this regulation in asserting that no such reports exist appears to be a fair reading of the regulation. Therefore, this objection is sustained.

### 7. Request Number 7

Plaintiff seeks "602 Inmate Complaint Forms: Relevant to similar complaints of 8th amendment violations complained about against [sic] defendant at High Desert State Prison *alleged by the Plaintiff*, specific instances of conduct, habit, other wrongs, acts." Pl.'s Decl., Ex. 3, at 11 (emphasis added). Defendants object that the request is vague overbroad as to time and unduly burdensome. They also object that it seeks information outside the scope of discovery, but in any event plaintiff's grievances are available to him in his central file. Since plaintiff has access to the appeals he has filed against the defendants, the objection is sustained.

### B. Plaintiff's Requests for Production of Documents, Set Two

#### 1. Request Number 1

Plaintiff seeks "Internal Memorandums" Related to events, conditions, opinions, preparation, plan of action, intent, motive and knowledge of High Desert State Prison institutional sweep of African American inmate during approximate period between Dec. 2002 thru March 2003, alleged by the Plaintiff." Pl.'s Decl., Ex. 3 at 13. Defendants object that the request is vague, ambiguous, overbroad and burdensome, and seeks information outside the scope of discovery. They also assert that the request seeks "documents which are confidential and contain information that is integral to the safety and security of the institution." *Id*. Defendants argue that any documents addressing the "sweep," i.e., lockdown, of African-American prisoners is not relevant to plaintiff's claims that his rights to minimally civilized conditions of confinement. However, in the complaint plaintiff alleges that the unconstitutional conditions of confinement were part of the lockdown. Therefore, the documents are relevant.

---

[7] This regulation is concerned with complaints made by "non-inmates" or "persons other than an inmate." Cal. Code Regs. tit 15, § 3391(b) - (d).

13

As to defendants' objection of burdensomeness, "[g]eneralized objections that a discovery request is burdensome without resort to specific reasons is [] insufficient to justify a refusal to respond." *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003). Defendants have not explained the burden of responding to this request. In support of their privilege based on confidentiality, they assert that the information is confidential under state law. *See* Cal. Code Regs. tit. 15 § 3321(a). However, this court is not bound by state confidentiality rules when resolving a discovery dispute in an action involving a federal question. *See Soto*, 162 F.R.D. at 616 (noting that federal courts recognize a constitutionally based right of privacy that can be raised in response to discovery requests). If defendants are relying on a privilege, they must properly assert that privilege in conformance with federal law. This includes a properly prepared privilege log that reasonable enables the opposing party to test the privilege and the court to determine whether the assert privilege actually applies. Again, blanket assertions of privilege without a privilege log are *not* an appropriate response to a discovery request.

Defendants further argue that information in the documents would not be admissible under the balancing required by Rule 403 of the Federal Rules of Civil Procedure. Admissibility at trial is not the test for whether information is discoverable. Fed. R. Civ. P. 26(b)(1); *Miller*, 141 F.R.D. at 296. Furthermore, that plaintiff seeks documents generated as late as March 2003 does not make the request overbroad as to time. It is not inconceivable that memoranda and other documents discussing the lockdown in retrospect were created. If they were, then they are discoverable. This objection is overruled.

Defendants shall, within 30 days, supplement their response to this request in a manner that complies with federal law as discussed above.

### 2. Request Number 2

Plaintiff seeks "Duty Rosters: <u>ALL</u> correctional officers work schedule assignments, with designated yard and building locations from Dec. 29 2002 thru Feb. 2003 who participated in the Warden's Order activating the plan of action, High Desert State Prison sweep of African

14

American inmate during Dec. 29, 2002 thru Feb, 2003 alleged by the Plaintiff." Pl.'s Decl., Ex. 3, at 14. Defendants make a host of objections, but also assert that hey have sent plaintiff documents responsive to this request. Plaintiff has not contested this assertion and it appears that the dispute as to this request is moot. Thus, defendants need not respond further.

### 3. Request Number 3

Plaintiff seeks "Inmate Selection List: The names of ALL inmates that was directly effected by extraction from housing unit cells, transported, and confined in temporary and permanent Ad. Seg. Housing Placement during High Desert State Prison sweep of African American inmates during December 29, 2002 thru (sic) Feb. 30, 2003 alleged by the Plaintiff. Relevant to identity, knowledge, absence of mistake, and specific instances of conduct." Pl.'s Decl., Ex. 3, at 15. Defendants object that the term "directly effected" is ambiguous, plaintiff seeks information outside the scope of discovery and that in any event producing the names of the prisoners would be unduly burdensome. The court finds that by the term "directly effected" plaintiff means other prisoners who were subjected to cell extractions when they were moved into administrative segregation. The names of other prisoners who may have been subjected to similar alleged abuses as those plaintiff alleges could lead to information admissible at trial on the questions of credibility, knowledge, opportunity, motive, plan and absence of mistake. Defendants' general objection that producing the information sought would be burdensome without explaining what it would entail does not adequately support this ground for refusing to product the information plaintiff requests. This objection is overruled.

Defendants shall, within 30 days, supplement their response to this request in a manner that complies with federal law as discussed above.

### 4. Request Number 4

Plaintiff seeks "Source of Confidential Information: The person(s) who divulged to the Warden unreliable information name(s), acted on without confirmation until after the fact of planned operation initiated, alleged by the Plaintiff. Relevant to the identity, location,

1 knowledge, plan, intent, and specific instance of conduct, during December 29, 2002 thru Dec.
2 31, 2002 at High Desert State Prison." Pl.'s Decl., Ex. 3, at 17. Defendants object that this
3 request seeks information outside the scope of the discovery. This objection is well-taken. The
4 identity of the informants is relevant to the decision to impose the lockdown. However, the
5 decision to impose the lockdown is not the subject of this action. Rather, this action concerns
6 what happened after that decision was made. Plaintiff asserts that his rights were violated during
7 the imposition of the lockdown and during the lockdown. Thus, the identity of the confidential
8 sources is not is not reasonably likely to lead to the discovery of admissible evidence. This
9 objection is sustained.

### 5. Request Number 5

Plaintiff seeks defendants' list of expert witnesses. Defendants object that the court has not yet directed the parties to exchange this information. A party to an action must disclose to all other parties the identity of any expert witness the party intends to call at trial. Fed. R. Civ. P. 26(a)(2)(A). However, these disclosures need not be made until ordered by the court, unless the parties have stipulated otherwise, or until a trial date has been set. Fed. R. Civ. P. 26(a)(2)(A). Here, the court has not ordered disclosure, the parties have not entered into any stipulation regarding disclosure and no trial date has been set. Therefore, defendants need not disclose the identity of their expert witnesses at this time.

### 6. Request Number 6

Plaintiff seeks a list of the exhibits that defendants intend to rely upon at trial Defendants object that exhibit lists need not be disclosed until pretrial proceedings. Defendants' objection is well-taken. A party must identify each "document or other exhibit" that it may use at trial other than solely for impeachment. Fed. R. Civ. P. 26(a)(3)(A)(iii). Such identification need not occur until a trial date is set. *See* Fed. R. Civ. P. 26(a)(3)(b). As noted, no trial date has been set in this action. Therefore, the defendants' objection is sustained.

////

### 7. <u>Request Number 7</u>

Plaintiff seeks, "newspaper Articles: In Re. High Desert State Prison institutional sweep of African American Inmate plan of action, during Dec. 2002 thru Mar. 2003 initiated by Warden D. L. Runnels conclusions of the incident, involving any Correctional Officer Subordinates, alleged by the Plaintiff. Relevant to knowledge, reputation, and opinion." Pl.'s Decl., Ex. 3, at 19. Defendants assert that plaintiff seeks information that is outside their "possession, custody or control." *See* Fed. R. Civ. P. 34. Plaintiff has not shown that defendants have possession, custody or control of any newspaper articles about the events giving rise to this action. Therefore, defendants' objection is sustained.

Accordingly, it is ORDERED that:

1. Plaintiff's July 29, 2008, motion to compel is denied and part and granted in part as follows:

    A. Defendants' general objection that plaintiff failed to specifically state why their responses are insufficient or in need of compulsion is overruled;

    B. With respect to Plaintiff's Requests for Production of Documents, Set 1:

        i. Plaintiff's motion with respect to Request Number 1 is moot, and the motion is denied as to Request Number 1.

        ii. Defendants' objections to Request Number 2 are overruled. Defendants shall, within thirty days of the date of this order, supplement their response and either turn over their personnel records dating from December 30, 2002, through January 9, 2003, or produce redacted copies of those documents together with a proposed protective order that provides for the redaction of sensitive information such as addresses an the like. Their supplemental response must be properly certified pursuant to Federal Rule of Civil Procedure 26(g). Any withheld information shall specifically be itemized in a privilege log that satisfies federal law. Defendants shall submit an *in camera* explanation for the redacted or withheld information.

////

iii. Defendants' objections to Request Number 3 are overruled. Defendants shall produce all documents related to any disciplinary actions initiated against defendants from December 30, 2002, through January 9, 2003. The production shall be under the same conditions ordered above as to Request Number 2.

                iv. Defendants' objections to Request Number 4 are overruled. Defendants shall produce all documents related to any disciplinary reprimands from December 30, 2002, through January 9, 2003. The production shall be under the same conditions ordered above as to Request Number 2.

                v. Defendants' objections to Request Number 5 are overruled. Defendants shall produce all incident reports concerning the conduct of any defendants involved in imposing the lockdown on December 22, and the treatment of plaintiff from that date until January 9, 2003. The production shall be under the same conditions discussed above as to Request Number 2.

                vi. Defendants' objections to requests Number 6 and 7 are sustained.

        B. With respect to Plaintiff's Requests for Production of Documents, Set 1:

                i. Defendants' objections to Requests Number 1 and 3 are overruled. Defendants shall, within thirty days of the date of this order, respond to these requests in a manner that complies with federal law.

                ii. Plaintiff's motion with respect to Request Number 2 is moot, and the motion is denied as to Request Number 2.

                iii. Defendants' objections to Requests Number 4, 5, 6 and 7 are sustained.

    2. Defendants' November 3, 2008, motion for summary judgment is denied without prejudice to renewal upon proper notice within 45 days of the date of this order.

    3. Plaintiff's motions for extensions of time filed December 2, 2008 and January 5, 2009, are denied as moot.

Dated: March 31, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE