IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

        Plaintiff,               No. CIV S-04-0776 LKK EFB P

    vs.

D.L. RUNNELS, Warden, et. al.,

        Defendants.          <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants have moved for summary judgment. Dckt. No. 146. Plaintiff opposed that motion, Dckt. No. 160, and also responded with requests to continue it pursuant to Fed. R. Civ. P. 56(f) and with requests to modify the March 31, 2009 order establishing the time frame for completion of discovery and for leave to conduct additional discovery. He also requested sanctions for defendants' alleged failure to comply with the court's March 31, 2009 order partially granting plaintiff's motion to compel (i.e., an inspection of plaintiff's wounds under Fed. R. Civ. P. 35). Dckt. Nos. 149-154.

      In response to the order to compel, defendants provided plaintiff with supplemental responses and produced additional documents and a privilege log. However, defense counsel inadvertently failed to provide the court with certain documents for *in camera* review.

Following inquiry by the court, the error was addressed by counsel with the filing of a motion for protective order, which was accompanied by the documents for *in camera* review and a proposed protective order.  Dckt. Nos. 164, 165.

The court denies defendants' motion for summary judgment without prejudice, grants plaintiff's requests for reconsideration of the limited time frame of permissible discovery set out in the court's March 31, 2009 order, and denies the rest of the parties' motions and requests.

I.      **Plaintiff's Request for Sanctions**

Plaintiff asks that defendants be sanctioned for failure to comply with the court's March 31, 2009 order.  *See* Dckt. No. 142 (order denying in part and granting in part plaintiff's motion to compel discovery responses).  The court ordered defendants to supplement their discovery responses and prepare a privilege log for any documents that were not produced, as well as submit any allegedly privileged documents for *in camera* review.

Plaintiff asserts that defendants did not submit a proper privilege log or submit withheld documents for *in camera* review.  Dckt. No. 150 at 4.  He also asserts that defendants' supplemental discovery responses are evasive.  Plaintiff asks the court to impose sanctions under Rule 37.

Defendants did provide plaintiff with a privilege log of withheld documents.  *See* Dckt. No. 150, Attach. B.  Additionally, plaintiff is mistaken in his claim that defendants' supplemental responses to plaintiff's discovery requests are evasive.  He might question the veracity of the response, but defendants have responded.  The court ordered defendants to supplement their responses to plaintiff's requests for production of documents, set one, numbers 2 through 5 and set two, numbers 1 and 3.[1]  Plaintiff's set one requests asked for personnel records and records of disciplinary actions, disciplinary reprimands, and "critical incident reports," relevant to the defendants' "track record reputation and specific instances of conduct."

_____

[1] Plaintiff does not argue that defendants' supplemental responses to his second set of discovery are deficient.

1   Dckt. No. 150 at 27-39.  Defendants' supplemental responses to set one stated that they "do not

2   have any record of adverse action or disciplinary actions in their personnel files for the time

3   period [set out in the court's order]."  *Id.* at 37-39.  In other words, defendants assert that they

4   have no documents responsive to the requests.  The court finds that defendants' responses to the

5   first set of discovery are not evasive, and that they have complied with the court's order in this

6   respect.

7         However, it is undisputed that defendants failed to submit the withheld documents for *in*

8   *camera* review within 30 days of the court's March 31, 2009 order, as required by that order.  It

9   was only in response to the court's inquiry that defendants realized the error and submitted

10   copies of the withheld documents on January 29, 2010.  Dckt. No. 165.  Defendants' counsel

11   explained that she "only recently became aware that during her extended leave of absence, the

12   submission of documents to the Court for *in camera* review was never completed."  *Id.*

13         Fed. R. Civ. P. 37(b)(2) provides that if a party disobeys a discovery order, the court

14   must order the disobedient party to pay the reasonable expenses, including attorney fees, caused

15   by the failure, unless the failure was substantially justified or other circumstances make an award

16   of expenses unjust.  In this case, defendants failed to produce allegedly privileged documents for

17   *in camera* review in a timely fashion.  The court finds that defendants' oversight was not

18   substantially justified, as defendants' only explanation is that counsel did not know that the task

19   was not completed.  Accordingly, an award of expenses incurred to compel compliance with the

20   order is appropriate.  However, plaintiff is proceeding pro se and has not incurred any attorney's

21   fees; nor has he submitted any evidence showing he incurred any actual expenses as a result of

22   the motion.  *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).  Accordingly, his request for sanctions is

23   denied.[2]

24

25        [2]  Although sanctions are not being imposed here under Rule 37(b)(2), defense counsel is
admonished that future failures to comply with court orders may result in monetary sanction
26   under this Court's Local Rule 110.  Local Rule 110 provides that "[f]ailure of counsel or of a
party to comply with these Rules or with any order of the Court may be grounds for the

**II.     Plaintiff's Request to Photograph Wounds**

On June 9, 2009, plaintiff requested that the court grant an extension of time to respond to defendants' summary judgment motion so that, with the court's assistance, he could photograph his scars, wounds and lacerations to use as exhibits in his opposition.  Dckt. No. 151.  Plaintiff makes this request under Fed. R. Civ. P. 35(a).

Rule 35 provides that a court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  But Rule 35 does not give the court authority to appoint an expert to examine a party on his own motion.  *Brown v. United States*, 74 Fed. App'x 611, 614 (7th Cir. August 11, 2003), *Adams v. Epps*, 2008 WL 4861926 at *1 (S.D. Miss. 2008) ("Rule 35 'does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself.'").  *See also Cabrera v. Williams*, 2007 WL 2682163 at *2 (D. Neb. Sept 7, 2007) (denying prisoner's request for medical examination under Rule 35); *Lindell v. Daley*, 2003 WL 23111624 at *1-2 (W.D. Wis. June 30, 2002) (Rule 35 allows the court to "order plaintiff to submit to an examination at the request of the opposing party . . . .  The rule is not intended to cover a situation such as the one here, where plaintiff wishes an examination of himself.").

Thus, the court will not assist plaintiff in taking photographs of himself.  The court has already granted plaintiff's request for an extension of time.  Plaintiff's request to photograph his wounds is denied.

**III.     Plaintiff's Request for Leave to Conduct Additional Discovery**

Plaintiff asks for leave to conduct additional discovery.  He requests leave to propound 25 additional interrogatories, claiming that unlike some of his previous discovery, they will be "streamlined, narrowly scoped questions."  Dckt. No. 152 at 1.  He also asks for a continuance to

---

imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Such a sanction is not dependent upon whether plaintiff has incurred actual costs and may include an order for sanctions payable to the court's non-appropriated fund.

1   obtain depositions to support his opposition to defendants' summary judgment motion.  Dckt.

2   No. 153 at 2.  He claims that he has not been afforded the opportunity to subpoena witnesses.

3   Dckt. No. 149 at 2-3.  Plaintiff argues that the court's scheduling order did not provide "specific,

4   new, court order discovery/scheduling order deadline cut-off dates" or instructions for him to

5   take depositions and obtain affidavits.  *Id.* at 3, Dckt. No. 153 at 3.

6          The court's first scheduling order, on July 27, 2007, set the discovery cut-off date for

7   November 16, 2007.  Dckt. No. 97.  The court later vacated this date, and set a new discovery

8   cut-off date of August 8, 2008.  Dckt. Nos. 105, 114.  Thus, the time period available for

9   conducting discovery lasted over a year, and ended well over a year ago.

10         A schedule may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b).  Good

11  cause exists when the moving party demonstrates he cannot meet the deadline despite exercising

12  due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

13  "Although the existence or degree of prejudice to the party opposing the modification might

14  supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's

15  reasons for seeking modification."  *Id.*

16         Here, plaintiff had over a year to conduct discovery, and indeed, propounded numerous

17  requests for admissions, interrogatories and document requests.  He has not demonstrated that,

18  despite diligence, he was unable to propound "streamlined" interrogatories or take depositions

19  during the discovery period.

20         Plaintiff also argues that the court's scheduling order did not set a discovery cut-off date,

21  and that the court did not provide instructions to him as to how to conduct discovery.  Both

22  arguments are unavailing.  The court's April 18, 2008 order clearly stated, "The parties may

23  conduct discovery until August 8, 2008."  Dckt. No. 114 at 4.  While legal advice from the court

24  as to how to conduct discovery would no doubt have assisted plaintiff, that is not an appropriate

25  role for the court.  The court must inform plaintiff as to certain requirements, and, to that end, the

26  court's January 17, 2007 order informed him of his burdens for opposing a summary judgment

1   motion, and instructed him as to the specific requirements for an opposition to such a motion.

2   *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*), *cert. denied*, 527 U.S. 1035

3   (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Dckt. No. 72 at 4.

4   But, ultimately, it is plaintiff who is responsible for litigating his own case.  Accordingly, the

5   court finds that plaintiff has not shown that despite his diligence, he was unable to conduct

6   discovery within the discovery period, and therefore good cause does not exist to reopen

7   discovery generally.

8         However, plaintiff also objects to the portion of the court's March 31, 2003 order that

9   limited the time frame of permissible discovery.  *See* Dckt. No. 150 at 4-5 & Dckt. No. 142 at 5

10  (order partially granting motion to compel, stating that "at least initially only documents

11  spanning the time of the alleged constitutional violations, i.e., December 31, 2002, though

12  January 9, 2003, are discoverable subject to certain protective limitations discussed below").

13  The court construes plaintiff's objection as a request for reconsideration.

14        Recent case law in this circuit warrants reconsideration of that time frame here.  In

15  January 2010 the Ninth Circuit issued an opinion discussing the High Desert State Prison

16  lockdown at issue in this lawsuit.  *See Richardson v. Runnels*, __ F.3d __, 2010 WL 276181 (9th

17  Cir. 2010).  The Ninth Circuit held that fact issues precluded summary judgment on the

18  plaintiff's equal protection and Eighth Amendment claims.  *Id.* at *1.  The statement of facts

19  relied on by the court in that case discussed events from November 30, 2002 until August 19,

20  2003.  *Id.* at *2-3.  Certainly, the claims and facts of this case are not identical to the claims and

21  facts in *Richardson*.  But information sought through discovery need only be reasonably

22  calculated to lead to the discovery of admissible evidence, and relevant information encompasses

23  "any matter that bears on, or reasonably could lead to other matter that could bear on, any issue

24  that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

25  Discovery is therefore not limited to the precise issues raised in the pleadings.  *Id.* at 350-51.

26  ////

This case is similar enough to *Richardson* that it would be prudent to expand the time frame of discovery in order to ensure that information regarding the context of the constitutional violations alleged in this case is discoverable.  Accordingly, the court grants plaintiff's request for reconsideration and broadens the time frame of permissible discovery to encompass the period from November 30, 2002 until August 19, 2003.  Defendants are ordered to supplement their discovery responses accordingly within 30 days of the date of this order.

**IV.    Defendants' Motion for Protective Order**

On January 29, 2010, defendants filed a motion for a protective order.  Dckt. No. 164. Defendants requested that the court issue a protective order in the event that it orders the disclosure of the allegedly privileged documents defendants submitted for *in camera* review in response to the March 31 order.

The court has reviewed the documents and finds that defendants' privilege objections are largely unfounded.  Defendants' privilege log asserts that each of the withheld documents should not be disclosed for the same reasons: it is protected by the official information privilege, its disclosure would violate privacy rights of inmates and staff protected by the United States and California constitutions,[3] and its disclosure would release confidential information that would "unduly expose the institution, staff and, or, other inmates to a substantial risk of harm."  Dckt. No. 165, Ex. A.  These objections are repeated throughout the privilege log in boilerplate fashion.  Defendants' motion for a protective order again repeats this boilerplate objection and adds the sentence, "[s]pecifically, the unfettered release of documents containing confidential communications regarding institutional lockdown and search procedures would necessarily impede the efforts of prison staff to ensure the safety and security of the institution."  Dckt. No. 164 at 4.

////

_____

[3]  The scope of evidentiary privilege in a section 1983 civil rights action is a question of federal law.  Accordingly, federal, and state, law is controlling.

1    Defendants appear to have exaggerated the risk of harm that disclosure of the documents

2    would have on prison staff and inmates.  The documents contain information regarding the

3    lockdown at issue in this case, but most of the information is factual in nature and no attempt has

4    been made to explain how any of that information is sensitive security information.  Nor is the

5    court able to discern any sensitive information in the documents submitted.  Despite being given

6    the opportunity to file an *in camera* submission, defendants have not explained precisely what

7    text within these documents could possibly constitute confidential information that would

8    "unduly expose the institution, staff and, or, other inmates to a substantial risk of harm."  Neither

9    have defendants proposed any redactions of the documents.  As defendants have failed to

10   identify how the release of documents would jeopardize prison safety or security, even in an *in*

11   *camera* pleading, and have not even attempted to identify any precise text that gives rise to a

12   security concern, defendants are ordered to turn over the documents to plaintiff within 14 days.

13   The court turns to defendants' motion for protective order.  A protective order may be

14   granted "[u]pon motion by a party or by the person from whom discovery is sought . . . and for

15   good cause shown . . . to protect a party or person from annoyance, embarrassment, oppression,

16   or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).  "For good cause to exist, the party

17   seeking protection bears the burden of showing specific prejudice or harm will result if no

18   protective order is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.

19   2002).

20   Defendants have submitted a proposed protective order, but again, provide no

21   explanation for it.  Dckt. No. 164, Attach. 1.  The proposed order appears to be generic–that is, it

22   does not suggest any redactions or remedies specific to this case.  Instead, the proposed order

23   generally asks only that the documents be kept confidential and be used solely for the purposes

24   of this litigation.  As noted above, the court is unable to identify any sensitive information in the

25   submitted documents.  However, the court does not wish to interfere with prison operations, and

26   defendants' proposed but unexplained protective order is not otherwise unreasonable nor is it

1  burdensome to plaintiff.  Accordingly, out of an abundance of caution, the court grants

2  defendants' motion for a protective order.

3  **V.     Plaintiff's Request for Continuance of Motion for Summary Judgment**

4         Defendants' May 15, 2009 motion for summary judgment is pending before the court.

5  Plaintiff asks for a continuance under Fed. R. Civ. P. 56(f), stating that he has not yet been able

6  to complete discovery or obtain affidavits from other inmates or correctional officers who

7  witnessed the events at issue.  Dckt. No. 149 at 2-3.  The rule states that if a party opposing a

8  summary judgment motion shows by affidavit that, for specified reasons, it cannot present facts

9  essential to justify its opposition, the court may order a continuance to allow for discovery.

10        As discussed above, discovery is not yet complete.  Defendants must supplement their

11 discovery responses to take into account the expanded discovery time frame and must provide

12 previously withheld documents to plaintiff.  Accordingly, defendants' motion for summary

13 judgment is denied without prejudice.  Once discovery is complete, defendants may either file an

14 amended motion including a new brief and supporting documents, or simply renew their motion

15 by filing a notice of such renewal.

16        Accordingly, it is ORDERED that:

17        1.  Plaintiff's request for sanctions for defendants' failure to comply with the court's

18 March 31, 2009 order is denied.

19        2.  Plaintiff's request for court assistance to photograph his wounds is denied.

20        3.  Plaintiff's request for leave to conduct additional discovery is denied.

21        4.  Plaintiff's request for reconsideration of the court's March 31, 2009 order limiting the

22 time frame of discovery responses is granted.  The time frame is broadened to encompass the

23 period from November 30, 2002 until August 19, 2003.  Defendants are ordered to supplement

24 their discovery responses accordingly within 30 days of the date of this order.

25        5.  Defendants are ordered to turn over the documents they submitted to the court for *in*

26 *camera* review to plaintiff within 14 days.

6. Defendants' January 29, 2010 motion for a protective order is granted. The court adopts defendants' proposed protective order.

7. Defendants' May 15, 2009 motion for summary judgment is denied without prejudice. Defendants may renew their motion or file a new motion for summary judgment after discovery is complete. Plaintiff's request for a continuance under 56(f) is granted, in part, in that the summary judgment motion must be re-noticed upon completion of discovery, and denied in part as moot.

8. The clerk is directed to terminate docket entries nos. 146, 150, 151, 152, 153, 154 and 164.

Dated: March 4, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE