1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VANCE EDWARD JOHNSON,

11             Plaintiff,                    No. CIV S-04-0776 LKK EFB P

12        vs.

13   D.L. RUNNELS, et al.,

14             Defendants.               ORDER

15   _____/

16        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

18   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19        On August 30, 2010, the magistrate judge filed findings and recommendations

20   herein which were served on all parties and which contained notice to all parties that any

21   objections to the findings and recommendations were to be filed within fourteen days.

22   Defendants have filed objections to the findings and recommendations.

23        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

24   304, this court has conducted a de novo  review of this case.  Having carefully reviewed the

25   entire file, the court finds the findings and recommendations to be supported by the record and by

26   proper analysis.

1

1    Defendants raise a single objection to the findings and recommendations – that the Third
2    Amended Complaint does not allege that defendant Chapman was a bystander as defendant
3    Houghland applied cuffs too tightly but only that he was a bystander as defendants Houghland
4    and Weaver used excessive force in interrogating plaintiff, and because plaintiff's claim of
5    excessive force in interrogation was not exhausted, the claim against defendant Chapman should
6    be dismissed.  The magistrate judge did not conclude, however, that plaintiff's claim of excessive
7    force in interrogation was entirely unexhausted.  Rather, the magistrate judge concluded that
8    certain portions of that claim had not been exhausted – those portions alleging that defendants
9    had punched plaintiff, grabbed him out of a detention cell, and slammed him against a wall.  The
10   portion of the claim of excessive force in interrogation that remains concerns plaintiff's
11   allegation that defendant Houghland applied cuffs too tightly during the same interaction.
12   Plaintiff's allegation that defendant Chapman was a bystander to the excessive force in
13   interrogation and refused to intervene thus indicates that defendant Chapman witnessed
14   defendant Houghland's application of the cuffs and did not intervene.  Thus, the magistrate judge
15   properly concluded that plaintiff has stated an exhausted claim against defendant Chapman.

16   Plaintiff sought an extension of time to file objections on September 29, 2010 and filed
17   his objections on October 13, 2010.  The motion for an extension of time (Dckt. No. 185) is
18   granted and the objections are deemed timely filed.  The court has reviewed plaintiff's numerous
19   objections and finds them without merit.  The evidence before the court supports the magistrate
20   judge's conclusion that plaintiff failed to exhaust certain of his claims.  The record of the case
21   also shows that dismissal of defendant Kelly is appropriate as plaintiff failed to submit necessary
22   documents for service on Kelly.  The court similarly finds the magistrate judge properly analyzed
23   the Eighth Amendment claims asserted by plaintiff and that summary adjudication of those
24   claims is appropriate, in part, as provided in the Findings and Recommendations and as ordered
25   below.  Lastly, the court notes that the newspaper articles that plaintiff wishes the court to
26   judicially notice are not proper subjects of judicial notice as noted by the magistrate judge in the

findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's September 29, 2010, motion for extension of time is granted and plaintiff's October 13, 2010 objections are deemed timely filed;

2.  The findings and recommendations filed August 30, 2010, are adopted in full.

3.  Plaintiff's claims against defendant R. Kelly are dismissed without leave to amend for plaintiff's failure to submit the necessary service documents as ordered by the court on May 21, 2007.

4.  Plaintiff's claims against defendants Pribble, Wilbur, Kelsey, Briddle, St. Andre, Weaver, Gower, Bates, Brown, and Arnold are dismissed without prejudice for failure to exhaust administrative remedies.

5.  Plaintiff's claim alleging that defendant Von Rader subjected him to excessive force on December 31, 2002 is dismissed without prejudice for failure to exhaust administrative remedies.

6.  Plaintiff's claim alleging that defendant Houghland punched, grabbed, and slammed plaintiff against a wall on December 31, 2002 is dismissed without prejudice for failure to exhaust administrative remedies.

7.  Plaintiff's claim alleging that defendant Chapman "was a bystander in tacit authorization and refused to intervene" as other defendants punched, grabbed, and slammed plaintiff into a wall on December 31, 2002 is dismissed without prejudice for failure to exhaust administrative remedies.

8.  Summary adjudication of plaintiff's claims that defendants Bigford, Martinez, Little, and Doyle deprived plaintiff of warm food, yard exercise, phone calls, paper, pen, request slips, complaint forms, and medical care between December 31, 2002 and January 9, 2003 is granted in favor of defendants.

////

9.  Summary adjudication of plaintiff's claims for compensatory damages against defendants Bigford, Martinez, Little, and Doyle is granted in favor of defendants.

10.  Summary adjudication of plaintiff's claims that defendant Hicks violated the 8th Amendment by conducting a body search on plaintiff and confiscating his medications is granted in favor of defendants.

11.  Defendants' requests for summary adjudication and/or dismissal of plaintiff's remaining claims are denied.

DATED: October 21, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT