IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

    Plaintiff,                    No. CIV S-04-0776 LKK EFB P

    vs.

D.L. RUNNELS, et al.,

    Defendants.            ORDER AND
                                    FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Currently before the court are three motions filed by plaintiff: (1) two motions seeking "complete entry of order and final judgment re: S.J. motion" (Docket Nos. 192 and 195) and (2) a motion seeking to "correct" the complaint (Docket No. 193).

**I. Partial Judgment**

       In his request for a final judgment, plaintiff states that he seeks "the Order and Final Judgment for the *whole case* re: 2:04-0776 LKK EFB P, Equal Protection 14th Amdt. and 8th Amdt. Excessive Force Claims" so that he may appeal the district judge's order granting in part defendants' motion for summary judgment on the recommendation of the undersigned.  Dckt. No. 192 at 1 (emphasis added).

////

This court's order and findings and recommendations issued August 30, 2010, found that the original screening order in the case had overlooked a potential equal protection claim in the complaint. Accordingly, plaintiff was given 30 days from the date of the district judge's order adopting the findings and recommendations to file an amended complaint setting forth such a claim in sufficient detail. The time for doing so has passed and plaintiff has filed no amended complaint. *See* Dckt. No. 192 ("The Pltf. has allowed the passing of (30) days and has declined to Amend the Equal Protection Claim . . . ."). The court further recommended dismissal of plaintiff's claims of excessive force against defendants Pribble, Wilbur, Kelsey, Briddle, St. Andre, Weaver, Gower, and Brown for failure to exhaust. The court found that plaintiff had exhausted some excessive force claims against defendants Houghland and Chapman, and thus declined to recommend dismissal of those claims. The court also recommended that plaintiff's claims of unconstitutional conditions of confinement against defendants Bates and Arnold be dismissed for failure to exhaust.

The court then recommended that summary judgment be granted in defendants' favor as to plaintiff's claims that defendants Bigford, Martinez, Little, and Doyle unconstitutionally deprived him of hot food, paper, pen, request slips, complaint forms, phone calls, and yard exercise for a period of ten days, but that summary judgment be denied as to plaintiff's claims that the same defendants unconstitutionally deprived him of a warm cell, clothing, sanitary bedding, hygiene items, and showers during the same period. Summary judgment was warranted on plaintiff's claim for compensatory damages against these defendants, however. Summary judgment in defendant's favor was also recommended on plaintiff's claims that defendant Hicks subjected him to an unconstitutional strip search and unlawfully confiscated his medication.

The district judge adopted the recommendations on October 21, 2010. Dckt. No. 190. Accordingly, plaintiff's case was reduced to certain claims against defendants Bigford, Martinez, Little, and Doyle for unconstitutional conditions of confinement and for relief other than compensatory damages, certain claims against defendants Houghland and Chapman for

excessive force, and a potential equal protection claim subject to plaintiff's decision to amend his complaint. As mentioned above, plaintiff has elected not to file an amended complaint including a sufficiently specific equal protection claim.

Plaintiff now requests that final judgment be entered in the case so that he may appeal. However, because claims remain to be adjudicated, it is not clear what plaintiff wants to happen. He states that he wants a final judgment "for the whole case," but has not sought to dismiss the remaining claims. In addition, plaintiff uses language from Federal Rule of Civil Procedure 54(b), which provides for entry of judgment in fewer than all claims as to all parties under limited circumstances. This suggests that plaintiff seeks only an order of judgment as to those claims that were dismissed or summarily adjudicated in defendants' favor. Dckt. No. 192 at 2 (seeking a determination that "there is no just reason for delay"). Lastly, plaintiff has also filed a motion to correct the complaint, which indicates that he does not wish to dismiss the remaining claims.

Accordingly, the court will construe the motions filed at Docket Nos. 192 and 195 as motions for entry of a judgment only as to those claims determined against plaintiff in the order and findings and recommendations of August 30, 2010 and the order of October 21, 2010.

Rule 54(b) governs the court's determination of such a motion, and provides:

> When an action presents more than one claim for relief . . ., the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In determining a motion for partial judgment under Rule 54(b), the court considers factors such as "the interrelationship of the claims so as to prevent piecemeal appeals" and "efficient judicial administration." *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1084 (9th Cir. 2010).

////

Here, the claims that have been adjudicated in defendants' favor thus far are interrelated with the remaining claims – all claims arise out of the same sequence of events in late 2002, early 2003, and some involve the same defendants. Allowing an interlocutory appeal of some of plaintiff's claims now would be inefficient and piecemeal, as the appellate court may likely be faced with a second appeal presenting similar issues and premised on the same facts once plaintiff's remaining claims have been finally adjudicated. Plaintiff has presented no reason justifying proceeding in that fashion rather than waiting for one cohesive judgment to appeal at the end of this case. Accordingly, the motion for a partial judgment under Rule 54(b) should be denied.

**II.  Motion to Correct**

In Docket No. 193, plaintiff states that he filed an amended complaint on November 29, 2010 to add some language to his statement of the claim. No such amended complaint has been received by the court. If plaintiff wishes to file an amended complaint to make changes not already authorized by the court, he must either obtain defendants' consent or file a motion for leave to amend concurrently with the corrected complaint, which should be designated the "Fourth Amended Complaint." Fed. R. Civ. P. 15(a)(2); E.D. Cal. R. 15-220.

**III.  Order and Recommendation**

It is therefore ORDERED plaintiff's motion at Docket No. 193, to correct the complaint, is denied without prejudice to plaintiff's ability to seek to amend the complaint in accordance with Federal Rule of Civil Procedure 15(a) and Local Rule 15-220.

It is further RECOMMENDED that plaintiff's motions at Docket Nos. 192 and 195, construed as motions for a partial judgment under Federal Rule of Civil Procedure 54(b), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5