IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

        Plaintiff,                    No. CIV S-04-0776 LKK EFB P

    vs.

D.L. RUNNELS, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Plaintiff recently sought a partial judgment from the court so that he could proceed with an interlocutory appeal of some issues in the case.  That request was denied on March 25, 2011.  Dckt. No. 198.  Plaintiff has nevertheless filed a notice of appeal indicating his intent to seek appellate review of the district judge's order granting in part defendants' motion for summary judgment on the recommendation of the undersigned.  Dckt. No. 199.

**I.    Procedural Background**

        In this court's order and findings and recommendations issued August 30, 2010, the court found that the original screening order in the case had overlooked a potential equal protection claim in the complaint.  The court accordingly gave plaintiff 30 days from the date of the district judge's order adopting the findings and recommendations to file an amended complaint setting

1

forth such a claim in sufficient detail. Plaintiff has to this date steadfastly refused to file an amended complaint. *See* Dckt. No. 192 ("The Pltf. has allowed the passing of (30) days and has declined to Amend the Equal Protection Claim. . . ."). The court further recommended dismissal of plaintiff's claims of excessive force against defendants Pribble, Wilbur, Kelsey, Briddle, St. Andre, Weaver, Gower, and Brown for failure to exhaust. The court found that plaintiff had exhausted some excessive force claims against defendants Houghland and Chapman, and thus declined to recommend dismissal of those claims. The court also recommended that plaintiff's claims of unconstitutional conditions of confinement against defendants Bates and Arnold be dismissed for failure to exhaust.

The court then recommended that summary judgment be granted in defendants' favor as to plaintiff's claims that defendants Bigford, Martinez, Little, and Doyle unconstitutionally deprived him of hot food, paper, pen, request slips, complaint forms, phone calls, and yard exercise for a period of ten days, but that summary judgment be denied as to plaintiff's claims that the same defendants unconstitutionally deprived him of a warm cell, clothing, sanitary bedding, hygiene items, and showers during the same period. Summary judgment was warranted on plaintiff's claim for compensatory damages against these defendants, however. Summary judgment in defendant's favor was also recommended on plaintiff's claims that defendant Hicks subjected him to an unconstitutional strip search and unlawfully confiscated his medication.

The district judge adopted the recommendations on October 21, 2010. Dckt. No. 190. Accordingly, plaintiff's case was reduced to certain claims against defendants Bigford, Martinez, Little, and Doyle for unconstitutional conditions of confinement and for relief other than compensatory damages, certain claims against defendants Houghland and Chapman for excessive force, and a potential equal protection claim subject to plaintiff's decision to amend his complaint. As mentioned above, plaintiff has elected not to file an amended complaint including a sufficiently specific equal protection claim.

////

On March 25, 2011, the court denied plaintiff's request for a partial judgment under Federal Rule of Civil Procedure 54(b) so that he could appeal the claims adjudicated against him in the August 30, 2010 findings and recommendations and October 21, 2010 order, stating:

> the claims that have been adjudicated in defendants' favor thus far are interrelated with the remaining claims – all claims arise out of the same sequence of events in late 2002, early 2003, and some involve the same defendants. Allowing an interlocutory appeal of some of plaintiff's claims now would be inefficient and piecemeal, as the appellate court may likely be faced with a second appeal presenting similar issues and premised on the same facts once plaintiff's remaining claims have been finally adjudicated. Plaintiff has presented no reason justifying proceeding in that fashion rather than waiting for one cohesive judgment to appeal at the end of this case.

Dckt. No. 196 (findings and recommendations issued February 3, 2011 and adopted March 25, 2011).

## II.  Request for a Certificate of Appealability

Plaintiff now seeks a certificate of appealability. Dckt. No. 200. However, it is clear that plaintiff simply seeks again either to have partial judgment entered or to file an interlocutory appeal, as no final judgment has been entered in this case. To the extent that plaintiff renews his request for partial judgment, it is denied for the same reasons provided in the court's prior findings and recommendations and order, dated February 3, 2011 and March 25, 2011. To the extent plaintiff seeks an order under 28 U.S.C. § 1292(b) authorizing an interlocutory appeal, the court finds that such an appeal is not warranted here. *See James v. Price Stern Sloan, Inc*., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (interlocutory appeal may be approved in "rare circumstances"). Section 1292(b) is reserved for "'extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation,' such as 'antitrust and similar protracted cases.'" *Id.* (quoting *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). The Ninth Circuit has explained § 1292(b) "was not intended merely to provide review of difficult rulings in hard cases." *Wright*, 359 F.2d at 785. Interlocutory appeals are limited to "rare circumstances" because they are a "departure from the normal rule that only final judgments are appealable." *James*, 283 F.3d at 1067 n.6. "Routine resort to § 1292(b) requests

would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (citations omitted).  Plaintiff has not shown that the rulings he wishes to appeal involve "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," as § 1292(b) requires.  Plaintiff's case does not present the type of rare circumstances warranting departure from the final judgment rule.  Plaintiff may seek appellate review once his remaining claims have been finally adjudicated and a final judgment has been entered in this case.

## III.   Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's request for a certificate of appealability be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 21, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE