1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   VANCE EDWARD JOHNSON,

11          Plaintiff,                    No. 2:04-cv-00776 LKK EFB

12          vs.

13   D.L. RUNNELS, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  On October 21, 2010, this court adopted recommendations of the magistrate

18   judge addressing numerous issues in the case.  Dckt. Nos. 177, 190.  Of relevance here, the court

19   ordered dismissal of certain of plaintiff's claims for failure to exhaust administrative remedies

20   and granted summary judgment in favor of defendants on other claims.[1]  *Id.*  However, in light of

21   _____

22          [1]The court dismissed plaintiff's claims against defendants Pribble, Wilbur, Kelsey,
     Briddle, St. Andre, Weaver, Gower, Bates, Brown, and Arnold for failure to exhaust

23   administrative remedies.  The court further dismissed plaintiff's claims alleging: (1) that
     defendant Von Rader subjected him to excessive force on December 31, 2002, (2) that defendant

24   Houghland punched, grabbed, and slammed plaintiff against a wall on December 31, 2002, and
     (3) that defendant Chapman was a bystander who failed to intervene as other defendants

25   punched, grabbed, and slammed plaintiff into a wall on December 31, 2002 for failure to exhaust
     administrative remedies.  The court summarily adjudicated in favor of defendants plaintiff's

26   claims: (1) that defendants Bigford, Martinez, Little, and Doyle deprived plaintiff of warm food,
     yard exercise, phone calls, paper, pen, request slips, complaint forms, and medical care between

recent Ninth Circuit case authority and to ensure that plaintiff has "fair, timely and adequate notice" of what is required of him to oppose defendants' motion to dismiss for failure to exhaust and for summary judgment, the court must vacate the portions of the October 21, 2010 order dismissing claims for failure to exhaust and granting summary adjudication of other claims in favor of defendants, because no concurrent notice was provided to plaintiff with the motion. *See* Dckt. Nos. 146, 170; *Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012) ("The *only* satisfactory practice to ensure that prisoners receive adequate notice pursuant to *Rand* and *Wyatt* is to provide such notice *at the time that the relevant motions are filed*." (emphasis added)); *Rand v. Rowland*, 154 F.3d 952, 960 (1998) (en banc) (requiring that the notice state that the court has required that it be given and that it be set forth in a separate document that is served with the moving papers).  Defendants may refile their motion to dismiss for failure to exhaust and for summary judgment and concurrently serve plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust and for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1.  The October 21, 2010 order (Dckt. No. 190) is vacated to the extent it granted defendants' requests for dismissal of claims as unexhausted or summary adjudication of claims;

2.  Defendants' motion to dismiss claims for failure to exhaust and for summary judgment (Dckt. Nos. 146, 170) is denied without prejudice.

3.  Within thirty days of the date of this order, defendants may re-file and re-serve their motion to dismiss for failure to exhaust and for summary judgment.  Defendants must contemporaneously serve with the motion, but in a separate document, a copy of the attached "*Rand* Notice" and "*Wyatt* Notice," which provide plaintiff with notice of the requirements for opposing the motion.  **Failure to do so may constitute grounds for denial of the motion.**

---

December 31, 2002 and (2) for compensatory damages against defendants Bigford, Martinez, Little, and Doyle.  Dckt. No. 177 at 31-32; Dckt. No. 190.

1       4.  If defendants re-serve their motion, plaintiff may thereafter file and serve an amended

2 opposition within thirty days.  If plaintiff fails to file an amended opposition, the court will

3 consider his existing opposition in resolving defendants' motion.

4       5.  If plaintiff files an amended opposition, defendants may thereafter file an amended

5 reply within fourteen days.

6 DATED: February 15, 2013.

7

8

9                            LAWRENCE  K.  KARLTON
                           SENIOR  JUDGE

10                            UNITED  STATES  DISTRICT  COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                       IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

        Plaintiff,              No. 2:04-cv-00776 LKK EFB

        vs.

D.L. RUNNELS, et al.,

        Defendants.           *RAND* NOTICE[**]

_____/

    The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

    When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

    To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. *See* L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. *See* L.R. 230(l).

    If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[**] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. *See Woods v. Carey*, __ F.3d __, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779, at *1 (9th Cir. July 6, 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

        Plaintiff,              No. 2:04-cv-00776 LKK EFB

    vs.

D.L. RUNNELS, et al.,

        Defendants.        *WYATT* NOTICE[***]

_____/

      The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

      When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies.  The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

      To oppose the motion, you may submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  *See* L.R. 230(l).

      If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed.  If all of your claims are unexhausted, your entire case will be over.  If, however, you exhaust administrative remedies for your claims at a later date, you may raise those claims in a new action.

---

      [***] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies.  *See Woods v. Carey*, __ F.3d __, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779, at *1 (9th Cir. July 6, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. Cal. 2003).