UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>D.L. RUNNELS, et al.,<br><br>  Defendants. | No.  2:04-cv-776-TLN-EFB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 30, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  After an extension of time, plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de</u> <u>novo</u> review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

1

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 30, 2013, are adopted in full.

2. Plaintiff's claims against defendants Pribble, Wilbur, Kelsey, Briddle, St. Andre, Weaver, Gower, Bates, Brown, and Arnold are dismissed without prejudice for failure to exhaust administrative remedies.

3. Plaintiff's claim alleging that defendant Von Rader subjected him to excessive force on December 31, 2002 is dismissed without prejudice for failure to exhaust administrative remedies.

4. Plaintiff's claim alleging that defendant Houghland punched, grabbed, and slammed plaintiff against a wall on December 31, 2002 is dismissed without prejudice for failure to exhaust administrative remedies.

5. Plaintiff's claim alleging that defendant Chapman "was a bystander in tacit authorization and refused to intervene" as other defendants punched, grabbed, and slammed plaintiff into a wall on December 31, 2002 is dismissed without prejudice for failure to exhaust administrative remedies.

6. Summary adjudication of plaintiff's claims that defendants Bigford, Martinez, Little, and Doyle deprived plaintiff of warm food, yard exercise, phone calls, paper, pen, request slips, complaint forms, and medical care between December 31, 2002 and January 9, 2003 is granted in favor of defendants.

7. Summary adjudication of plaintiff's claims for compensatory damages against defendants Bigford, Martinez, Little, and Doyle is granted in favor of defendants.

8. Summary adjudication of plaintiff's claims against defendant Hicks is granted in her favor.

9. Defendants' requests for summary adjudication and/or dismissal of plaintiff's remaining claims are denied.

So ordered.

Dated: December 11, 2013

Troy L. Nunley
United States District Judge